BENJAMIN ALMY *et ux. vs.* JOHN S. COGGESHALL, City Treasurer of the City of Newport.

In 1889 a city changed the grade of a street on which the plaintiffs' land abutted so that the street, which had previously been lower than the surface of the plaintiff's land, was raised two feet higher than the surface of the land, whereby the water falling on the land was prevented from flowing therefrom, and the water falling on the street was turned upon the lot and formed ponds thereon, and flowed into the cellar of the plaintiffs' house.    In an action to recover damages resulting from the change of grade,

*Held*, that as the turning of the surface water on to the plaintiffs' land was merely incidental to the change of grade, the action could not be maintained, the remedy in such cases by appeal from the appraisal of damages by the board of aldermen, as provided in Pub. Stat. R. I. cap, 65, §§ 34–41, being exclusive.   *Inman* v. *Tripp*, 11 R. I. 520, distinguished from the case at bar.

TRESPASS ON THE CASE.    Certified from the Common Pleas Division on demurrer to the declaration.

The case stated in the declaration was, in substance, that the city of Newport, in 1889, changed the grade of a street on which the plaintiffs' lot abutted so that the street which before that time had been lower than the surface of the lot,

was raised two feet higher than the surface of the lot, whereby the water falling on the lot was prevented from flowing therefrom, and the water falling on the street was turned upon the lot, and formed ponds thereon, and flowed into the cellar of the plaintiffs' house.

*July* 11, 1896.    MATTESON, C. J.    This is an action of trespass on the case to recover damages resulting to the plaintiffs as abutting owners of real estate located on Channing street, in Newport, consequent on a change of grade in that street.    The defendant has demurred to the declaration.

We do not think that the action can be sustained.    To entitle an abutting owner to damages from a city resulting from a change of grade, the grade must have been established by a surveyor of highways prior to March 9, 1866, or by the board of aldermen of a city subsequently to that date. *Rounds* v. *Mumford*, 2 R. I. 154 ; *Aldrich* v. *The Board of Aldermen of Providence*, 12 R. I. 241.    The declaration contains no averment that the "apparent and proper grade" of Channing street, mentioned in it as existing in 1881 and from that date continuously to the commission of the wrongs complained of, was a grade which had been so established. Moreover, in case of the change of such a grade, the proper remedy at the time of the wrong complained of was not by action, but by appeal from the appraisal of damages by the board of aldermen, made in accordance with the procedure pointed out in Pub. Stat. R. I. cap. 65, §§ 34–41, reënacted in Gen. Laws R. I. cap. 72 §§ 28–35.    The statutory remedy thus given must be regarded as exclusive.    *Moies* v. *Sprague*, 9 R. I. 541 ; *Inman* v. *Tripp*, 11 R. I. 520 ; *Smith* v. *Tripp*, 14 R. I. 112.

The plaintiffs seek to sustain the action as within the decision in *Inman* v. *Tripp*, 11 R. I. 520.    In that case, however, the city of Providence was held liable to an action, not because of the turning of the surface water on to the estate of an abutting owner, such turning of surface water being merely incidental to a change of grade, as in the case at bar, but because it had so changed the grades of other streets, as well as of that on which the land of the plaintiff was

situated, as to allow the surface water which had formerly flowed down such other streets, and to allow other surface water which had formerly been ponded at some distance from the plaintiff's estate, to run down the street on which the plaintiff's estate abutted, and thence on to the plaintiff's land.

The case stated in the declaration more nearly resembles in this respect *Wakefield* v. *Newell*, 12 R. I. 75, in which it was held that no action lies against a municipal corporation for allowing the ordinary and natural flow of surface water to escape from a highway on to the land of the abutting owner, nor for the results of such usual changes of grade as must be presumed to have been contemplated and paid for on the lay-out of the highway.

Demurrer sustained, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Benjamin M. Bosworth & George A. Littlefield,* for plaintiffs.

*William P. Sheffield, Jr.,* for defendant.