ROBERT K. WILLOUGHBY *et al. vs.* JOHN B. ALLEN, Town
Treasurer.

PROVIDENCE—JANUARY 1, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Municipal Corporations. Surface Water. Highways. Surveyors of
Highways. Evidence.*

Gen. Laws cap. 72, § 2, makes it the duty of the town council to divide the
town into highway districts and to elect a surveyor of highways for each
district and fix his compensation. Under section 4 of said chapter their
duty is to determine what proportion of the annual appropriation for
the maintenance and repair of highways shall be expended in each high-
way district, and it is provided that the same shall then be expended
under their care and direction or under the care and direction of a com-
mittee of the council appointed for that purpose. Under section 7 it is
made the duty of the surveyor of highways to execute the directions
given him by the town council or the committee thereof:—

*Held,* that it was competent for plaintiff to show by parol that the sur-
veyor of highways was duly authorized to do the work on the highways
in his district which resulted in the turning of surface water upon plain-
tiff's land, and that he was not limited in his proof to record evidence of
such authority by a formal vote of the town council.

(2) *Municipal Corporations. Ratification of Acts of Agent.*

*Held,* further, that, assuming that no previous express authority was given
for the doing of the work in question, it was competent for plaintiff to
prove that the town council ratified the doing thereof by approving the
bills incurred by the surveyor, and that said bills were subsequently
paid by the defendant town.

TRESPASS ON THE CASE. Heard on petition of plaintiff for
new trial, and petition granted.

TILLINGHAST, J. The substance of the allegations contained
in the plaintiff's declaration is that the defendant town, by its
officers and agents, so negligently caused certain streets and
lots to be graded and certain ponds to be drained that large
quantities of surface water were collected from a wide area
and turned into a brook which ran across the plaintiff's land,
whereby said brook was made to overflow upon their land, caus-
ing serious damage thereto.

The declaration sets out that prior to the grading and drain-

ing referred to said surface water had accumulated in ponds or pools and had run off in various directions, but not onto the plaintiffs' land.

Early in the trial of the case the presiding justice raised the point of law that in order to show any liability on the part of the town for the acts complained of it must be made to appear by record evidence that such acts were duly authorized by the town council of said town. Thereupon, counsel for the plaintiffs replied that they were prepared to show that the work in question was done by Frank W. Lockwood, the surveyor of highways of the town of Warwick, for the fourth district, this being the district in which the plaintiffs' land is situated and the streets in question are located: that said Lockwood was a duly elected and qualified surveyor of highways for said district; that in doing the work, the negligent manner of doing which was complained of, he was acting in good faith in his official capacity and acting under instructions given him by members of the town council or by the committee of the town council having the oversight of the highways in said district; and that after doing said work he had brought in against the town, bills for the expenses thereof, and that these bills had been approved by the town council and subsequently paid by the town, as shown by its records. Counsel admitted, however, that they were unable to introduce any record of a formal vote of the town council directing or authorizing said surveyor of highways to do the work in question.

The court thereupon ruled that the evidence offered would not be sufficient to show any liability on the part of the town, and granted the defendant's motion for a nonsuit.

The plaintiffs' counsel duly excepted to the action of the trial court in the premises, and the case is now before us on a petition for new trial on the ground of error on the part of the court in refusing to admit the testimony offered by the plaintiffs in support of their claim that the town was liable for the damages caused in manner aforesaid.

The controlling question which is thus presented for our decision, as we understand the case, is whether it was competent for the plaintiffs to prove by parol, as they offered to do, that

the surveyor of highways was duly authorized to do the work on the highways in his district which resulted in the turning of surface water upon the plaintiff's land as alleged in their declaration; or whether they were limited in their proof to record evidence of such authority, as ruled by the court. That is, the court ruled that in order to make out a case against the town the plaintiffs must show that the town council of said town had had the matter of the grading or working of the streets referred to in the declaration before them in a formal way, and had passed a formal vote directing the surveyor to do the work which resulted in turning the surface water aforesaid upon the plaintiffs' land, and that the plaintiffs must produce the record of such action in order to make out a *prima facie* case against the town.

(1)     Under Gen. Laws R. I. cap. 72, § 2, it is made the duty of a town council to divide the town into highway districts and to elect a surveyor of highways for each district and fix his compensation, and they may remove from office any such surveyor of highways at their pleasure.

Under section 4 of said chapter their duty is to determine what proportion of the annual appropriation for the maintenance and repair of highways and bridges shall be expended in each highway district, and it is provided that the same shall then be expended under their care and direction, or under the care and direction of a committee of the council appointed for that purpose.

Under section 7 it is made the duty of the surveyor of highways to execute the directions given him by the town council *or the committee thereof.*

In view of these provisions of the statute, and in the absence of any requirement in said chapter that directions to a surveyor of highways must be given by a formal vote of the town council, we are of the opinion that it was competent for the plaintiffs to prove by parol that he was duly authorized to do the work in question.

It is doubtless true that in order to legally and effectively transact most of the business which comes before a town council it is necessary to consider it in open meeting and act upon

it by a formal vote or resolution, so that a proper record thereof may be made and preserved. But while this is so we cannot say, as matter of law, that mere verbal or informal instructions may not be given by a town council to its ministerial officer and agent, the surveyor of highways, without such formality. That it may be so given, see *Munk* v. *Watertown,* 67 Hun. 261; *Town Council of Akron* v. *McComb,* 18 Ohio Rep. 229.

But, even conceding that a town council cannot as a body give directions as to the doing of work on the highways except by a formal vote, it is clear that the committee on highways of such town council, provided for by said statute, may direct him as to the doing of his work, and that such direction would be binding on the town.

This committee may consist of one or more persons; but it is evidently not a deliberative body, and, so far as we are aware, is not required to keep any record of its doings. It simply gives directions to the surveyor of highways as to the work to be done by him, and he is presumed to follow such directions. In order to hold the town liable for the consequences of his acts performed in good faith in the line of his duty, therefore, it is only necessary to prove that they were performed in accordance with such directions from the committee.

It therefore follows that, even conceding that in order to make out their case against the town the plaintiffs were called upon to prove express directions to do said work, they were not called upon to prove the same by record evidence.

(2) But again, even assuming that no previous express authority was given for the doing of the work in question, still it was competent for the plaintiffs to prove, as they offered to do, that the town council ratified the doing thereof by passing upon and approving the bills incurred by the surveyor in connection with the performance of the work, and also that said bills were subsequently paid by the defendant town. It would seem clear, therefore, that such evidence, without more, would be sufficient to make out a *prima facie* case of liability on the part of the town for any damages arising from the mere improper man-

ner of doing said work.   See *Donnelly* v. *Tripp*, 12 R. I. 97; *Stoddard* v. *Saratoga Springs*, 127 N. Y. 261; *Nims* v. *Troy*, 59 N. Y. 500.   Again, that a town may be held liable for the acts of its surveyor of highways, although not expressly authorized, would seem to have been decided by this court in *Sprague* v. *Tripp*, 13 R. I. 38.   There the commissioners went beyond any right which the city had in doing the work in question, and the city council had apparently not given any directions whatever in the premises.   But the court held that as the work complained of was done by the commissioners in the general course of their employment, acting, so far as appeared, in good faith, they were to be "regarded as the agents of the city even in the excesses which they committed."

Coming now to the merits of the case as set out in the plaintiffs' declaration, and as they offered to prove the same by competent evidence, we need only say that, as we understand it from the record presented, it falls within the principle of law laid down by this court, through Durfee, C. J. in the well known case of *Inman* v. *Tripp*, 11 R. I. 520,. and hence presents a case for the determination of a jury.   See also *Wakefield* v. *Newell*, 12 R. I. 75; *O'Donnell* v. *White*, 23 R. I. 318.

The Rhode Island cases relied on by defendant's counsel do not sustain the defence set up.

*Sweet* v. *Conley*, 20 R. I. 381, was a very different case from the one before us, and does not sustain the defendant's position.   There the grade of the street in question had been regularly established under the statute, and the only authority which the defendant had in the premises, or which the town council could confer upon him, was to work the street to such grade.   Whatever he did, therefore, whether with or without the direction of the town council, by way of working the street to some other grade than that which had been legally established, did not have the effect to render the town liable for damages caused thereby, and for the very obvious reason that it was done without any legal authority.   The town council could not change the established grade of the street except by proceedings in accordance with the statute, and of course they could not authorize the defendant to do what they them-

selves could not do. Moreover, that case was a petition for *mandamus;* and a very different rule of evidence obtains in such a case than obtains in an ordinary action at law.

In the case before us it is not claimed that any grade has ever been established upon any of the streets on which the work in question was done. The grading referred to in the declaration, as we understand it, was simply the changing of the surface of the streets so as to improve the same as public highways; and particularly to carry off the surface water which had previously collected in pools or ponds thereon and in the immediate vicinity thereof. And that this was something which the town council had the right to do, or order to be done, there can be no question. See Gen. Laws R. I. cap. 72, § 1.

The case of *Almy* v. *Coggeshall,* 19 R. I. 549, referred to by the trial court, is not in point, as that was a case where the plaintiff sued to recover damages consequent upon a change of a formally established grade of the street there in question, and the court held that the proper remedy was not by action at law, but by appeal under the statute.

That decision was based upon the familiar doctrine that where a statute creates a right and prescribes a remedy for an infringement thereof no other remedy can be pursued.

In the case at bar no change of grade such as is contemplated by the statute was made or attempted to be made, and hence no right of appeal on the part of the plaintiff existed.

*Briggs* v. *Allen,* 24 R. I. 80, cited by defendant's counsel, simply holds that a town is not liable for the acts of a surveyor of highways not authorized by the town or by the town council thereof, and not done in pursuance of any general authority on the part of the surveyor of highways.

In that case it appeared that the highway surveyor wrongfully entered upon private land and committed a trespass thereon. Neither the town nor the town council in any way authorized the commission of the acts complained of, and neither of said bodies ratified them after they were committed. In short, the declaration, which was demurred to, simply stated a clear case of trespass on the part of the surveyor of high-

ways. And in view of that fact we held that the town was not liable for his acts. But we said that "had the acts complained of been such as the town council of the town might properly have directed the surveyor of highways to do, such acts might, *prima facie*, be regarded as the acts of the town, which is answerable for the repair of its streets and highways, the statute providing, Gen. Laws R. I. cap. 72, § 7, that surveyors of highways shall execute the directions given them by the town council or the committee thereof."

For the reasons above given we are of opinion that the nonsuit was improperly granted, and hence that a new trial should be had.

Petition for new trial granted.

*Comstock & Gardner*, for plaintiffs.

*Job S. Carpenter*, for defendant.