## W. E. A. LEGG & CO. vs. MARTIN DEWING.

### PROVIDENCE—JANUARY 27, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Corporations. Stockholders' Liability. Liability of Director. Statutory Relief.*

Equity cannot entertain jurisdiction over the director of a corporation by virtue of section 15, chapter 180, of the General Laws. The right to hold the director, personally, for the debts of the corporation is purely statutory, and the mode of relief is limited to an action of the case under section 21 of said chapter.

(2) *Corporations. Stockholders' Liability. Equity Pleading. Joinder.*

*Semble*, that a claim against a defendant, as an officer or stockholder of a corporation, under sections 1, 2, 3, chapter 180, of the General Laws, cannot be joined with a claim upon defendant as a director, under section 15 of said chapter, in one bill, as the foundation of the two causes of action is different one from the other, and the remedies over of the defendant are against different persons, under sections 23 and 24.

BILL IN EQUITY. Heard on demurrer to bill, and bill dismissed.

Per Curiam. This is a bill in equity brought by a creditor of the L. A. Tillinghast Company, Limited, a manufacturing corporation which has become insolvent, and the affairs of which are in the hands of a receiver.

(2) The bill charges that the defendant was a stockholder, and a director, and president in said corporation at the time of the contracting of the creditor's debt; that the officers of the corporation neglected to make the certificate required by chapter 180 of the General Laws; and that while the defendant was such director debts were contracted by said corporation in excess of the amount of capital stock paid in, and the debt in suit was contracted while such excess continued.

Complainants' counsel say they intended to combine in this bill two alleged causes of action, viz., a claim upon the defendant as an officer or stockholder under sections 1, 2, and 3 of chapter 180, and a claim upon the defendant as a director under section 15 of said chapter.

If these claims were both good they could not be joined in one bill, as the foundation of the two causes of action is different one from the other, and the remedies over of the defendant are against different persons—sections 23 and 24.

(1) We are of the opinion, however, that the claim against the defendant as stockholder is not set forth in the bill with sufficient certainty to found any decree upon; but that the only claim which we can consider is against him as director. But we have no jurisdiction in equity to entertain such a claim. The right to hold the director, personally, for the debts of the corporation only exists by virtue of the statute, and hence the complainant is limited to the mode of relief there given —*Inman* v. *Tripp*, 11 R. I. 520; *Smith* v. *Tripp*, 14 R. I. 112; *Almy* v. *Coggeshall*, 19 R. I. 549; *Colt* v. *Sears Commercial Co.*, 20 R. I. 323; *Willoughby* v. *Allen*, 25 R. I. 531—which is by action of the case against one or more of the officers who are liable. Chapter 180, section 21. Section 22 does indeed allow a bill in equity to be brought to enforce the liability of stockholders; but, as we have said, we do not find any such case sufficiently stated in the bill, and no such choice of remedies is given by section 21. Section 20 of chapter 128 of the

Revised Statutes, appearing later as section 21 of chapter 142 of the General Statutes, which gives a remedy in equity in such a case, was amended by Public Laws, chapter 555, April 20, 1876, so as to exclude a suit in equity against an officer of a corporation as such.

The bill, therefore, must be dismissed.

*Richard E. Johnston and Irving Champlin,* for complainants.

*Littlefield & Barrows,* for respondent.