## POND et al. v. NEWELL.

### (Circuit Court, D. Massachusetts. May 20, 1908.)

### No. 78 (Old No. 1,728).

CORPORATIONS—STATUTORY LIABILITY OF DIRECTORS FOR ILLEGAL INDEBT-
EDNESS—REMEDY FOR ENFORCEMENT.

Under Gen. Laws R. I. c. 180, which by section 15 limits the indebt-
edness which may be lawfully incurred by a corporation to the amount
of its capital stock, and, in case such limit is exceeded, makes the di-
rectors at the time jointly and severally liable for the excess, and section
21, which provides a remedy for enforcement of such liability by an ac-
tion of the case by any creditor against any one or more of such direct-
ors, such remedy is exclusive, and a bill in equity cannot be maintained
in a federal court in another state against a director based on such
statutory liability.

In Equity.

Barney & See, for plaintiffs.

Frederick B. Byram, Seeber Edwards, and Edwards & Angell, for
defendant.

COLT, Circuit Judge. This is a bill in equity brought by certain
creditors in behalf of themselves and all other creditors to enforce
an alleged liability of the defendant as a director in the W. W. Aldrich
Company, a corporation organized under the laws of Rhode Island.

The bill alleges that "by reason of the directors of said the W. W.
Aldrich Company permitting the indebtedness of said company to
exceed the amount of its capital stock actually paid in, said directors
and each of them, including the said Oscar D. Newell, have under the
law in that behalf made and provided made themselves jointly and
severally liable to the extent of such excess for all the debts of said
company then existing or contracted while they respectively continued
in office and until the debts shall be reduced to the amount of the
capital stock of such company paid in."

The first question we have to determine is whether, under the Rhode
Island statutes, a bill in equity will lie for the enforcement of this
liability.

The liability of directors for the debts of a corporation in excess
of the amount of the capital stock actually paid in arises under section
15 of chapter 180 of the General Laws of 1896 of Rhode Island:

"Sec. 15. The whole amount of the debts which any such corporation shall
at any time owe shall not exceed the amount of its capital stock actually
paid in; and in case of any excess, the directors under whose administration
it shall happen shall be jointly and severally liable, to the extent of such ex-
cess, for all the debts of the company then existing, and for all that shall be
contracted as long as they shall respectively continue in office, and until
the debts shall be reduced to the amount of the capital stock of such company
paid in."

Section 21 of this chapter provides a special form of remedy. This
section reads as follows:

"Sec. 21. Whenever any of the officers of any manufacturing company shall
be liable, by the provisions of this chapter, to pay the debts of such company

or any part thereof any person to whom they may be so liable may have an action of the case against any one or more of the said officers, and the declaration in such action shall state the claim against the company and the ground on which the plaintiff expects to charge the defendant personally, and such action may be brought, notwithstanding the pendency of an action against the company for the recovery of the same claim or demand, and both of the actions may be prosecuted until the plaintiff shall obtain the payment of his debt and the costs of both actions."

In Legg v. Dewing, 25 R. I. 568, 569, 57 Atl. 373, the Supreme Court of Rhode Island held that the only remedy provided by statute was an action of the case under section 21 of chapter 180, the concurrent remedy by bill in equity which formerly existed having been repealed by an act of the General Assembly passed April 20, 1876, Pub. Laws 1873–78, p. 300, c. 555. In its opinion the court said:

"The right to hold the director personally for the debts of the corporation only exists by virtue of the statute, and hence the complainant is limited to the mode of relief there given (Inman v. Tripp, 11 R. I. 520, 23 Am. Rep. 520; Smith v. Tripp, 14 R. I. 112; Almy v. Coggeshall, 19 R. I. 549, 36 Atl. 1124; Colt v. Sears Commercial Co., 20 R. I. 323, 38 Atl. 1056; Willoughby v. Allen, 25 R. I. 531, 56 Atl. 1109), which is by action of the case against one or more of the officers who are liable. Chapter 180, § 21. Section 22 does indeed allow a bill in equity to be brought to enforce the liability of stockholders; but, as we have said, we do not find any such case sufficiently stated in the bill, and no such choice of remedies is given by section 21. Section 20 of chapter 128 of the Revised Statutes of 1857, appearing later as section 21 of chapter 142 of the General Statutes of 1872, which gives a remedy in equity in such a case, was amended by Pub. Laws 1873–78, p. 300, c. 555, April 20, 1876, so as to exclude a suit in equity against an officer of a corporation as such."

It is true that, where the state statutes provide no remedy for the enforcement of this liability, the only appropriate remedy in the courts of the United States is by a bill in equity. Stone v. Chisolm, 113 U. S. 302, 308, 5 Sup. Ct. 497, 28 L. Ed. 991; Hornor v. Henning, 93 U. S. 228, 230, 23 L. Ed. 879. It has also been held in Massachusetts that, where the state statutes provide concurrent remedies at law and in equity, the only remedy available is in equity. Merchants' Bank v. Stevenson, 10 Gray (Mass.) 232, 235; Merchants' Bank v. Stevenson, 5 Allen (Mass.) 398, 400, 401; Cochrane v. Reed, 13 Allen (Mass.) 455, 456.

These cases, however, have no application to the case at bar, because the statutes of Rhode Island have provided a remedy, and have limited that remedy to an action at law under section 21; and it is well settled that where the liability and the remedy are created by statute, the remedy provided is exclusive of all others. Pollard v. Bailey, 20 Wall. 520, 527, 22 L. Ed. 376; Middletown Bank v. Railway Company, 197 U. S. 394, 25 Sup. Ct. 462, 49 L. Ed. 803. In Pollard v. Bailey, the court said:

"The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute without a remedy may be enforced by an appropriate common-law action. But, where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

The complainant contends that this court in the case at bar should follow the Massachusetts rule. This position, however, is clearly un-

tenable. The W. W. Aldrich Company is a Rhode Island corporation, and this liability can only be enforced in the mode prescribed by the statutes of Rhode Island. Upon this point it is only necessary to cite the language of Mr. Justice Gray, speaking for the court, in Fourth National Bank v. Francklyn, 120 U. S. 747, 758, 7 Sup. Ct. 757, 763, 30 L. Ed. 825:

"In all the diversity of opinion in the courts of the different states, upon the question how far a liability, imposed upon stockholders in a corporation by the law of the state which creates it, can be pursued in a court held beyond the limits of that state, no case has been found in which such a liability has been enforced by any court, without a compliance with the conditions applicable to it under the legislative acts and judicial decisions of the state which creates the corporation and imposes the liability. To hold that it could be enforced without such compliance would be to subject stockholders residing out of the state to a greater burden than domestic stockholders.

"The provisions of the Rhode Island statutes, which made the stockholders of the Atlantic De Laine Company liable for its debts, were coupled with provisions prescribing the form of remedy, which still remains in force, except so far as they have been modified by the latter statute of the same state. By the decisions of this court, as well as by those of the courts, both state and federal, held within the state and district of Rhode Island, and of the highest court of Massachusetts, where these provisions had their origin and their first judicial construction, this liability can be enforced only in the mode prescribed by the statutes of Rhode Island. The present suit, therefore, not being a bill in equity, or an action upon a judgment against the corporation, which are the only forms of remedy authorized by these statutes, but being an independent action at law upon the original liability of the stockholder, cannot be maintained, and the Circuit Court rightly so held."

Since the remedy by bill in equity for the enforcement of this liability was repealed by the act of April 20, 1876, and since, as was said by the Supreme Court in Legg v. Dewing, no choice of remedies is given by section 21 of chapter 180, it follows that the present bill must be dismissed.

Bill to be dismissed, with costs.