## MIDDLETOWN NATIONAL BANK *v.* TOLEDO, ANN ARBOR AND NORTHERN MICHIGAN RAILWAY COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 167.　Argued March 7, 1905.—Decided April 3, 1905.

Article XIII, § 3, of the constitution of Ohio of 1851, providing that dues
from corporations be secured by individual liability of the stockholders
as may be prescribed by law to a further sum over and above their stock
at least equal to the amount of such stock, is not so far self-executing
that it may be enforced outside of the jurisdiction of that State without
compliance with the requirements of the state statute fixing the amount
of the liability and the method of enforcing it.

Under § 3260, Rev. Stat., Ohio, the remedy must be pursued in the courts
of that State and a creditor, who has not commenced any action in the
Ohio courts, cannot obtain the relief given by the statute, in the Circuit
Court of the United States in another State, against stockholders resident
therein.

THIS case comes here by virtue of a certificate from the
United States Circuit Court of Appeals for the Second Circuit,
which sets forth the following facts:

The case came before the Circuit Court of Appeals by appeal from the decree of the United States Circuit Court for
the Southern District of New York, sustaining demurrers to
the bill of complaint and dismissing the bill. The complainant in the bill was a creditor of the railway company (the
defendant), which is a corporation created under the laws of
the State of Ohio, and complainant recovered a judgment
against the defendant railway company in the Supreme Court
of the State of New York, upon which execution was issued
and returned unsatisfied. The complainant then brought its
bill in equity in the United States Circuit Court for the Southern
District of New York, for the benefit of itself and other creditors
against numerous stockholders of the railway company, defendant, residing in the district, to enforce the liability of those

stockholders for the debts of the railway company, under the laws of Ohio, and that company was made a party defendant.

The constitution of Ohio (1851), Article 13, section 3, is as follows:

"Dues from corporations shall be secured, by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

In pursuance of this provision of the constitution the legislature of Ohio adopted statutory provisions with respect to the stockholders of certain corporations which appear in the Revised Statutes of 1880, section 3258, in the following form:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation."

Section 3260 of the Revised Statutes of 1880, as amended in 1894, provided as follows:—

"A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation, and against all persons liable as stockholders; and in such actions there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation, in which adjudication no costs shall be taxed to nor collected of any stockholder to an amount which, together with the amount to be paid on said indebtedness, will exceed the amount of the stock on which he is liable, provided, that in any such action the plaintiff may file in the court a sworn statement that a stockholder or stockholders or the legal representatives of a deceased stockholder have not

been summoned, giving their residence if known, and that it is impracticable to secure service of summons upon such stockholders or such legal representatives of a stockholder, and remitting from the claims of the plaintiff or of other creditors consenting, so much as may be found payable by such stockholders not served with summons except those who may be insolvent or non-resident of the State, and judgment shall be rendered against the stockholders who have been served with summons for the *pro rata* amount for which they would be liable if all solvent stockholders resident of the State were served with summons; and when a creditor has prosecuted against a corporation an action of (at) law begun before any action to enforce the stockholders' liability, and has recovered final judgment only after such an action to enforce the stockholders' liability has been prosecuted to a final decree in the court in which the action was commenced, such judgment creditor may bring a like action against the stockholders of the corporation to enforce such judgment at any time within four years after the recovery of his said judgment, but the stockholders shall not be liable for any amount in excess of that provided in section 3258."

As so amended this section stood at the time when this suit was begun. Afterwards, in 1900, but before the filing of the second amended bill of complaint, the section, as further amended and supplemented, provided as follows:

"SEC. 3260. Whenever any creditor of a corporation seeks to charge the directors, trustees, or other superintending officers of a corporation, or the stockholders thereof, on account of any liability created by law, he may file his complaint for that purpose in any common pleas court which possesses jurisdiction to enforce such liability.

"SEC. 3260a. The court shall proceed thereon, as in other cases, and, when necessary, shall cause an account to be taken of the property and obligations due to and from such corporation, and may appoint one or more receivers.

"SEC. 3260b. If, on the coming in of the answer or upon

the taking of such account, it appears that such corporation is insolvent, and has not sufficient property or effects to satisfy such creditor, the court may proceed to ascertain the respective liabilities of the directors, officers and stockholders, and enforce the same by its judgment, as in other cases.

"SEC. 3260*c*. In all cases in which the directors or other officers of a corporation, or the stockholders thereof, are made parties to an action in which a judgment is rendered, if the property of such corporation is insufficient to discharge its debts, the court shall give notice to non-resident stockholders, as provided in sections 5048, 5049, 5050, 5051 or 5052 of the Revised Statutes, and shall first proceed to compel each stockholder to pay in the amount due and remaining unpaid on the shares of stock held by him, or so much thereof as is necessary to satisfy the debts of the company.

"SEC. 3260*d*. If the debts of the company remain unsatisfied, the court shall proceed to ascertain the respective liabilities of the directors or other officers and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment, as in other cases. The court may authorize and direct the receiver to prosecute such action in his own name as receiver, as may be necessary, in other jurisdictions to collect the amount found due from any officer or stockholder.

"SEC. 3260*e*. Whenever any action is brought against any corporation, its directors or other superintending officers, or stockholders, according to the provisions of this chapter, the court, whenever it appears necessary or proper, may order notice to be published, in such manner as it shall direct, requiring all the creditors of such corporation to exhibit their claims and become parties to the action, within a reasonable time, not less than six months from the first publication of such order, and, in default thereof, to be precluded from all benefit of the judgment which shall be rendered in such action, and from any distribution which shall be made under such judgment.

"SEC. 3260*f*. Upon a final judgment in any such action against an insolvent corporation, the court shall cause a just and fair distribution of the property and assets of such corporation or the proceeds thereof to be made among its creditors.

"SECTION II. That said section 3260 be, and hereby is repealed.

"SECTION III. This act shall apply to pending actions, and shall take effect and be in force from and after its passage."

The court below sustained the demurrer on the following ground:

"It is thought that the question raised by this demurrer should be decided upon the assumption that the action is the one provided for by sec. 3260, Rev. Stat. Ohio, as it stood after the amendment of 1894. Inasmuch as that section expressly provides for an action jointly against all the stockholders, including such as are out of the jurisdiction or for other causes cannot be served, and the complaint avers that there are stockholders who have not been made parties, there is a lack of parties defendant and the demurrer is sustained. If, moreover, the amendments of the statute passed in 1900 are to be considered, the position of the demurrants is even stronger. Manifestly this action is not the one thereby provided for."

*Mr. Frederick C. McLaughlin*, with whom *Mr. Harvey Scribner* was on the brief, for appellant:

Article XIII, § 3, of the Ohio constitution is self-executing to the extent of declaring a general contractual obligation and a general rule as to property rights. *Whitman* v. *Bank*, 176 U. S. 559; *Willis* v. *Mabon*, 48 Minnesota, 140; *Ohio* v. *Sherman*, 22 Ohio St. 411; *Brown* v. *Hitchcock*, 36 Ohio St. 667; *Kirtley* v. *Holmes*, 107 Fed. Rep. 1; *Harpold* v. *Stobart*, 46 Ohio St. 397.

Section 3260, Rev. Stat. Ohio, as originally enacted and as amended in 1894, was declaratory merely of rules of chancery

practice long previously followed by Ohio courts. *Umsted* v. *Buskirk*, 17 Ohio St. 113; *Smith* v. *Newark &c. R. R. Co.*, 8 Ohio C. C. Rep. 583.

The remedy, therefore, is nothing more than the appropriate remedy in equity for the enforcement of a proportionate, collateral liability and such remedy, from its very origin and nature, is transitory. *Kirtley* v. *Holmes*, 107 Fed. Rep. 1, 5.

This general, contractual obligation is enforceable in any United States Circuit Court having jurisdiction of the parties indispensable to a decree. Const. U. S., Art. III, §§ 1, 2, establishes the right to have it enforced where diverse citizenship exists. *Smith* v. *Railroad Co.*, 99 U. S. 398; *Reynolds* v. *Bank*, 112 U. S. 405, 410; *Railway Co.* v. *Whitton*, 13 Wall. 270, 286; *Suydam* v. *Broadnax*, 14 Pet. 67; *Smith* v. *Reeves*, 178 U. S. 442; Foster's Fed. Prac., 3d ed., §§ 6, 7.

The statutory origin of the obligation is immaterial. *Dennick* v. *Railroad Co.*, 103 U. S. 11; *Whitman* v. *Bank, supra.* The United States Circuit Court can and will enforce it. *American File Co.* v. *Garrett*, 110 U. S. 288; *Smith* v. *Railroad Co., supra;* the Federal courts in New York take judicial notice of Ohio law. *Owings* v. *Hull*, 9 Peters, 607, 624; *Hanley* v. *Donoghue*, 116 U. S. 1, 6, and cases cited. The Federal courts will frequently enforce an obligation that the courts of a State in which it is sitting do not enforce. *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100.

Considerations which have influenced certain state courts in refusing to enforce this liability have no weight in a Federal court, where jurisdiction is based upon diverse citizenship. *Hale* v. *Harden*, 95 Fed. Rep. 747, 751; compare *State Nat. Bank* v. *Sayward*, 91 Fed. Rep. 443, with *Erickson* v. *Nesmith*, 15 Gray, 221; *N. H. Horse Nail Co.* v. *Linden*, 142 Massachusetts, 349; *Post & Co.* v. *Railroad Co.*, 144 Massachusetts, 341.

Complainant seeks to enforce this liability precisely as it is enforced in Ohio. *Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 747, 758; *Pollard* v. *Bailey*, 20 Wall. 520; *Slater* v. *Mex. Nat.*

*R. R.*, 194 U. S. 210; *Davis* v. *Mills,* 194 U. S. 451; *Harpold* v. *Stobart,* 46 Ohio St. 397.

An Ohio corporation may be found and sued in the Circuit Court of the United States for the Southern District of New York. *St. Louis Railway* v. *McBride,* 141 U. S. 127; *Central Trust Co.* v. *McGeorge,* 151 U. S. 129; *Interior Construction Co.* v. *Gibney,* 160 U. S. 217; *In re Keasbey & Mattison Co.,* 160 U. S. 221, 229; *Life Ins. Co.* v. *Woodworth,* 111 U. S. 138, 146, and cases cited.

Upon the certificate in this case the corporation is joined and served and before the court.

This fact of joinder and service of the corporation distinguishes this case from every other in the books where Federal courts have refused to enforce this liability extraterritorially.

All parties indispensable to a decree are before the court and all limitations and conditions upon the right are complied with.

No large question of judicial policy is involved.

The power of the Ohio legislature over the liability declared by the constitution is limited to a reasonable control of an adequate remedy for its enforcement in Ohio courts.

The decision of the court below resulted from an erroneous legal presumption based upon the false premise that the legislature created and controlled the right. *Whitman* v. *Ox. Bank,* 28 C. C. A. 404.

The said requirements of § 3260, Rev. Stat. Ohio, do not govern in a court of another jurisdiction unless they limit and qualify the right declared by the Ohio constitution. The *lex loci contractus* governs as to the substance or obligation of a contract, while the *lex fori* governs the form of action or procedure. Kent's Commentaries, 14th ed., 461, and cases cited; R. C. Minor in 14 Harv. L. Rev. 262, and cases cited.

This is true whether the origin of the liability be in the statute or the common law and whether the remedy be stat-

utory or otherwise. *Dennick* v. *Railroad,* and *Davis* v. *Mills,* *supra; Blair* v. *Newbegin,* 65 Ohio St. 425.

Section 3260 does not limit or qualify the substantive right declared by the constitution. It relates to form, not to substance.

Section 3260 is not literally the exclusive remedy for the enforcement of stockholders' liability under Ohio law which had accrued prior thereto. It is wholly inadequate against non-resident stockholders. *Hale* v. *Allinson,* 188 U. S. 56. It therefore violates the Constitution of the United States. *Hawthorn* v. *Calef,* 2 Wall. 10. It is an arbitrary and unreasonable exercise of legislative control over remedy. *Davis* v. *Mills,* 194 U. S. 451, 456, 457. It violates Art. XIII, § 3, Ohio constitution. It violates Art. 3, § 2, Constitution of the United States. *Insurance Co.* v. *Morse,* 20 Wall. 445; *Barron* v. *Burnside,* 121 U. S. 186. It cannot be the exclusive remedy against non-resident stockholders because it is no remedy against them at all.

Every condition and limitation imposed upon the substantive right has been complied with and there is no defect of parties defendant in equity. *Shields* v. *Barrow,* 17 How. 139; *Ribon* v. *Railroad Co.,* 16 Wall. 446; *Cameron* v. *McRoberts,* 3 Wheat. 591; U. S. Sup. Ct. Rules in Equity, 22, 47, 48.

The Ohio legislature neither created this liability nor prescribed the remedy for its enforcement.

*Mr. Lucius H. Beers* and *Mr. Joseph Fettretch,* with whom *Mr. John G. Milburn, Mr. Arthur Cosby, Mr. Charles N. Judson,* and *Mr. William B. Hale* were on the brief, for respondents:

Whether or not a constitutional provision is self-executing depends upon the intention of the framers. A provision will be held to be self-executing only where there is a manifest intention that it shall go into immediate effect without the aid of any ancillary legislation. 6 Am. & Eng. Ency. Law,

2d ed., 912; *Groves* v. *Slaughter*, 15 Pet. 449; *Fusz* v. *Spaun-horst*, 67 Missouri, 265; *Morley* v. *Thayer*, 3 Fed. Rep. 740.

Section 3 of Art. XII, Ohio Const., is not in terms self-executing. As to its construction by the Ohio legislature and courts see *Bank* v. *Wright*, 6 Ohio St. 318, 328; Ohio Convention Debates, 1850, vol. 1, pp. 369–427. These debates can be referred to, *State* v. *Kennon*, 7 Ohio St. 546, 563, and under *Edwards' Lessee* v. *Darby*, 12 Wheat. 206, are entitled to great weight. As to stockholders' liability in Ohio see also *State* v. *Sherman*, 22 Ohio St. 411; *Ryder* v. *Fritchey*, 49 Ohio St. 285; *Brown* v. *Hitchcock*, 36 Ohio St. 676. As to construction of similar constitutional provisions in other States see *French* v. *Teschemaker*, 24 California, 518; *Jerman* v. *Benton*, 79 Missouri, 148; *Agricultural Association* v. *Insurance Co.*, 70 Alabama, 120; *Woodworth* v. *Bowles*, 61 Kansas, 569; *Tuttle* v. *Bank*, 161 Illinois, 497; *Marshall* v. *Sherman*, 148 N. Y. 9; *Bank* v. *Sayward*, 86 Fed. Rep. 45; *Bank* v. *Farnum*, 176 U. S. 640; *Flash* v. *Conn*, 109 U. S. 371; *Willis* v. *Mabon*, 48 Minnesota, 140, distinguished. And see also *Platt* v. *Wilmot*, 193 U. S. 602, 612; Cooley's Const. Lim., 7th ed., 121; *Barnes* v. *Wheaton* 80 Hun (N. Y.), 8; *Cleveland* v. *Kent*, 87 Hun (N. Y.), 329; *Nimick* v. *Iron Works*, 25 W. Va. 184; *Henly* v. *Stevenson*, 72 Pac. Rep. 518; *Fowler* v. *Samson*, 146 Illinois, 478.

The construction which has been placed on this clause of the Ohio constitution by the highest courts of Ohio is controlling in this court. *Luther* v. *Borden*, 7 How. 1, 40; *Post* v. *Supervisors*, 105 U. S. 667; *Butcher* v. *Cheshire R. R. Co.*, 125 U. S. 555, 581, 584; *Burgess* v. *Seligman*, 107 U. S. 20, 133; *Great Southern Hotel Co.* v. *Jones*, 193 U. S. 532, distinguished.

The highest court of Ohio has held that section 3 of Article XIII of the Ohio constitution is not self-executing. *Ohio* v. *Sherman*, 22 Ohio St. 411; *Ryder* v. *Fritchey*, 49 Ohio St. 285; *Bank* v. *Wright*, 6 Ohio St. 318.

For other similar provisions see New York Const., 1846, Art. VIII; Illinois Const., 1848, Art. X; Indiana Const., 1851,

Art. XI; North Carolina Const., 1868, Art. VIII; South Carolina, Art. XII,· §§ 4, 5; California Const., 1849, Art. IV, §§ 32, 36; Const., 1879, Art. XII; Missouri Const., 1865, Art. VIII, § 6; Const., 1875, Art. XII, § 9; Alabama Const., 1867, Art. XIII; Const., 1875, Art. XIII, § 8; Kansas Const., 1858, Art. XIV; Const., 1859, Art. XII; Nevada Const., 1864, Art. VIII, § 3; West Virginia Const., 1872, Art. XI.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The questions propounded by the Circuit Court of Appeals are the following:

First. Whether Article 13, section 3, of the constitution of Ohio is so far self-executing that it may be enforced outside of the jurisdiction of said State without compliance with said requirements of section 3260 of the Revised Statutes of said State as amended in 1894.

Second. Whether Article 13, section 3, of the constitution of Ohio is so far self-executing that it may be enforced outside of the jurisdiction of said State without compliance with said requirements of section 3260 of the Revised Statutes of said State as amended in 1900.

The counsel for the complainant contends that the article of the Ohio constitution, above set-forth, is self-executing to the extent of declaring the general contractual obligation and the general rule as to property rights, and it is insisted that the liability of the stockholders in the railway corporation may be enforced by the courts of another jurisdiction without compliance with the requirements of any of the statutes which have been passed by the legislature of Ohio in regard to the enforcement of the liability provided for in the constitution. These statutes, it is said, refer only to the form and mode of procedure in local courts, and neither of them contains any limitation or condition imposed upon the substantive right declared by the constitution, as construed and enforced by

the Ohio courts for many years prior to the statutory enactments.

We have not been referred to any decision of the Ohio Supreme Court directly involving the question whether the provision of the constitution referred to is self-executing or not. If there were any such decision we should follow it. That court has, however, regarded the liability of stockholders as statutory in its nature, as is seen from its decisions in the cases hereinafter cited.

The question has arisen in some of the other States regarding this same provision, and it has been held to be not self-executing. *Barnes* v. *Wheaton*, 87 Supreme Court Reports of New York (80 Hun, 8). In that case it was held by the then General Term that it was obvious that the provision was not self-executing, but its purpose was to confer upon the legislature the power and impose upon it the duty of securing dues from corporations by imposing upon the stockholders of such corporations as are organized under the laws of that State an individual liability, and by such other means as, in its discretion, it should deem proper, but limiting such power and discretion by the provision that each stockholder should be made liable to an amount at least equal to the amount of stock held by him. This provision was not regarded as imposing a liability independent of the statute, nor as conferring upon the plaintiff any right to maintain the action then before the court. It has been held substantially to the same effect in *Nimick & Co.* v. *Mingo Iron Works Co.*, 25 W. Va. 184.

But whether the constitutional provision might be regarded as, to a certain extent, self-executing in the absence of any statute on the subject, we find that the legislature of Ohio has passed statutes to enforce such liability. The cases of *Wright* v. *McCormack*, 17 Ohio St. 86, and *Umsted* v. *Buskirk*, 17 Ohio St. 113, were both brought under a statute enacted to provide a method for enforcing the constitutional liability, and in the former case the court speaks of the liability of the stockholders, as a "statutory liability," and of the statute itself as a "statute

under which the liability arises." That was an early statute, passed not long after the adoption of the constitutional provision, and for the purpose of executing it. 50 Ohio L. 296, passed May 1, 1852. *Wright* v. *McCormack* was approved in *Umsted* v. *Buskirk, supra.* Subsequent statutes were passed for the same purpose of enforcing the liability of stockholders, and those set out in the record not only definitely state the liability, but give the procedure and provide the remedy in order to enforce it. It will be seen that the constitutional provision refers in terms to the securing of dues from corporations by the individual liability of stockholders and by such other means as may be prescribed by law. The constitution evidently looks to the legislature for providing means. A statute which is passed in pursuance of such a provision and which itself provides for the procedure and states the remedy, even though imposing no limit or conditions in regard to such liability other than such as are found in the constitutional provision itself, is, nevertheless, a statute providing a remedy which is to be followed within the principle sustained by the authorities cited below. The statute under such circumstances may be said to so far provide for the liability and to create the remedy, as to make it necessary to follow its provisions and to conform to the procedure provided for therein. See *Pollard* v. *Bailey,* 20 Wall, 520, 526; *Fourth National Bank* v. *Francklyn,* 120 U. S. 747, 756, 758; *Evans* v. *Nellis,* 187 U. S. 271; *Morley* v. *Thayer,* 3 Fed. Rep. 737, Circuit Court, District of Massachusetts; *Cleveland &c. Ry. Co.* v. *Kent,* 94 N. Y. Supreme Court Reports (87 Hun), 329; *Nimick* v. *Mingo Iron Works Co., supra.* In *Bank* v. *Francklyn, supra,* Mr. Justice Gray, speaking for this court, said: "In all the diversity of opinion in the courts of the different States, upon the question how far a liability, imposed upon stockholders in a corporation by the law of the State which creates it, can be pursued in a court held beyond the limits of that State, no case has been found, in which such a liability has been enforced by any court, without a compliance with the conditions

applicable to it under the legislative acts and judicial decisions of the State which creates the corporation and imposes the liability. To hold that it could be enforced without such compliance would be to subject stockholders residing out of the State to a greater burden than domestic stockholders." In order to comply with the conditions of the statute of Ohio it seems plain from the provisions of the statute that the action must be brought in that State.

In the case now before us the complainant has paid no attention to the statutes of Ohio, so far as bringing suit in that State is concerned, and therefore has not followed the provisions contained in them. It has commenced no action in the State of Ohio, but, on the contrary, assumes to ask the Federal Circuit Court in New York State to administer the relief asked for in its bill, against stockholders who are residents of New York, the same as if the suit had been commenced in Ohio. This, we think, the complainant could not do. By the terms of the Ohio statute, properly construed, the remedy must be pursued in the courts of that State. The case of a plaintiff failing to obtain satisfaction of his judgment by following, in Ohio, the remedies given by the Ohio statute, is not before us, and we need not determine the character of any other remedy, or where it may be enforced.

We therefore answer the first question in the negative. It is unnecessary to answer the second question. The answer will be certified to the Circuit Court of Appeals for the Second Circuit.

*So ordered.*