## GROVER v. MERRITT DEVELOPMENT CO.

(District Court, D. Minnesota, Fourth Division. July 22, 1925.)

**1. Corporations ☞215—Creditors have substantive right to enforce liability of stockholders under Constitution and statutes.**

Under Const. Minn. art. 10, § 3, and Gen. St. Minn. 1913, §§ 6645-6651, right of creditors to enforce liability of stockholders is substantive.

**2. Corporations ☞259(1)—Statutory remedy for enforcement of stockholders' liability exclusive.**

Remedy, under Gen. St. Minn. 1913, §§ 6645-6651, for enforcement of constitutional liability of stockholders under Const. Minn. art. 10, § 3, is exclusive.

**3. Courts ☞371(1)—Federal courts enforce state laws precisely as state courts under similar circumstances.**

Generally, when their jurisdiction is properly invoked, federal courts enforce state laws precisely as do state courts under similar circumstances.

**4. Courts ☞371(1)—Federal courts will not enforce state laws if violating right of trial by jury.**

Federal courts will not enforce state laws if to do so would violate Const. U. S. Amend. 7, guaranteeing right of trial by jury.

**5. Courts ☞262(2)—Federal court of equity will not enforce state laws where an adequate remedy at law exists.**

Federal court of equity will not enforce state laws, where a plain, adequate, and complete remedy may be had at law, in view of Rev. St. § 723 (Comp. St. § 1244).

**6. Courts ☞259—Jurisdiction of federal courts in equity may not be enlarged or diminished by state legislation.**

Jurisdiction of federal courts in equity, as first fixed by Judiciary Act in 1789 may not be directly enlarged or diminished by state legislation.

**7. Courts ☞371(1)—New rights created by state laws will be protected by federal courts.**

New rights created or former rights enlarged by state statutes will be protected and en-

forced by the federal courts as well as by the courts of the state.

**8. Courts ☞259—Remedial right to proceed in federal court of equity cannot be enlarged or diminished by state statute.**

Remedial right to proceed in federal court of equity cannot be enlarged or diminished by state statute.

**9. Receivers ☞210—May prosecute action beyond jurisdiction of court.**

A receiver may in some cases prosecute an action in a jurisdiction beyond that of the court by which he was appointed.

**10. Courts ☞371(1)—Receiver, appointed by federal District Court to enforce stockholders' liability, has same rights and powers as if proceedings were in state court.**

In a proceeding by a receiver, appointed by federal District Court to enforce constitutional liability of stockholders under Const. Minn. art. 10, § 3, receiver may be vested with same rights and powers in enforcing remedy provided by Gen. St. Minn. 1913, §§ 6645–6651, as if proceedings were in a state court, and may prosecute action in a foreign jurisdiction.

Receivership in Equity. Proceeding by S. F. Grover, receiver, to enforce the constitutional liability of stockholders in the Merritt Development Company, a corporation organized under the Constitution and laws of the state of Minnesota. Decree for receiver.

James E. Trask, of St. Paul, Minn., for receiver.

Orr, Stark & Kidder, of St. Paul, Minn., for E. I. Du Pont de Nemours & Company, Inc.

CANT, District Judge. In the exercise of its general equity powers, this court, on August 30, 1921, appointed a receiver for the defendant, a Minnesota corporation. Such appointment was upon the express consent of the defendant. The regularity and validity thereof is unquestioned. At the time of such appointment, the apparent assets of the defendant were considerable and the fixed liabilities were large in amount. Since such appointment, practically all of those assets have been converted into cash. The actual value proved to be much less than was anticipated. There is practically nothing available for distribution to creditors. The process of liquidation by the receiver is substantially at an end. Considerable sums have come into his hands, and sums nearly equal have been expended by him. Various reports have been made by him to the court, and various orders have been based thereon. The defendant is hopelessly insolvent. Under such circumstances, the stockholders of the defendant are liable

to creditors for amounts not exceeding the par value of the stock held or owned by them respectively. Constitution of Minnesota, art. 10, § 3. The receiver and various creditors now ask that the defendant be formally declared insolvent, and that, in connection with the settlement of the estate, the receiver be authorized and directed to take the steps necessary to enforce the constitutional liability of the stockholders of the defendant. Another creditor objects to taking such steps in this proceeding, and claims that such liability cannot lawfully be enforced in this court. Such creditor claims also that the present receiver is not a proper person to prosecute claims against stockholders, and urges generally that such matter should be considered and disposed of in the state district court. The resulting questions are for determination here.

[1, 2] The constitutional provision above referred to conferred upon creditors a substantive right. About this there can be no question. It is so spoken of in Middletown Bank v. Ry. Co., 197 U. S. 394, 403, 25 S. Ct. 462, 49 L. Ed. 803. If no statutory remedy had been provided for the enforcement thereof, this court, as between proper parties, would find means for its enforcement through the exercise of its equitable powers. Way v. Barney, 116 Minn. 285, 293, 294, 133 N. W. 801, 38 L. R. A. (N. S.) 648, Ann. Cas. 1913A, 719; Terry v. Little, 101 U. S. 216, 25 L. Ed. 864.

The state of Minnesota has provided a statutory remedy. Sections 3184–3190, Revised Laws of Minnesota 1905; sections 6645–6651, General Statutes Minnesota 1913. (These sections are substantially the same as chapter 272, Session Laws of Minnesota for 1899.) "The law is really a supplementary practice act, formulated after the practice followed in this state for the collection of unpaid stock subscriptions when insolvency has ensued." The same general rules apply. Straw & E. Mfg. Co. v. L. D. Kilbourne, etc., 80 Minn. 125, 133, et seq., 83 N. W. 36.

May the liability of stockholders under the constitutional provision above referred to be enforced through proceedings in the federal court, or must they, of necessity, be carried on in the state district court? Must proceedings here halt until the state court shall act in the matter, and shall there be two receiverships at the same time in different courts, both having to do with winding up the affairs of the corporation and paying its debts?

In view of the proceedings in this court already had, the state court has declined to appoint a receiver in that jurisdiction.

The state Legislature having provided a remedy for the enforcement of the constitutional liability, that remedy is exclusive. Middletown Bank v. Ry. Co., 197 U. S. 394, 405, 25 S. Ct. 462, 49 L. Ed. 803. The question, still further reduced, is whether the federal court may enforce those statutory provisions and apply that remedy.

When it is said that a particular statutory remedy is exclusive, this does not mean that it must be pursued in any particular court. If that were so, the states, by prescribing that certain remedies should be pursued in the state court only, would put an end to federal jurisdiction in such fields, and deprive litigants of their rights under the Constitution of the United States. This cannot be done. Ry. Co. v. Whitton, 13 Wall. (80 U. S.) 270, 286, 287, 20 L. Ed. 571; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 252, 253, 25 S. Ct. 251, 49 L. Ed. 462.

The receivership proceeding is properly here in court. We are past that point. The appointment was not made under any state statute, as in Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358, Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 37 L. Ed. 804, and Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. The claims made against the appointments in those cases are not available here. So far as concerns the appointment of the receiver, none here may claim that he has been deprived of a trial by jury. Original consent and long acquiescence, in any event, would prevent that. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; Re Metropolitan Ry. Receivership, 208 U. S. 90, 109, 110, 28 S. Ct. 219, 52 L. Ed. 403. Here there is no blending of legal and equitable remedies, and no attempt to enlarge the equity jurisdiction of the federal courts, except through the creation of a substantive right and the enforcement thereof. None may claim here that there is a plain, adequate, and complete remedy at law. Under the rules hereinafter discussed, such claims, if valid, would be fatal here. We have pending a valid receivership proceeding. Given such, may the federal court avail itself of the statutory provisions above referred to, and in such proceeding enforce the constitutional liability of the stockholders of the defendant? Such enforcement would be incidental or ancillary to the main receivership proceeding. Although mistaken on one feature of the

case, the court, in McKusick v. Seymour, Sabin & Co., 48 Minn. 158, 170, 50 N. W. 1114, 1116, well said: "It is only by sequestrating the corporate assets and enforcing this liability of stockholders in the same proceeding that results exactly just and equitable to all parties can be worked out." Manifestly, from a practical standpoint, it is important that, if possible, this be done.

[3] Speaking generally and with certain exceptions not controlling here, the federal courts, when their jurisdiction is properly invoked, enforce state laws precisely as do the state courts under similar circumstances. For the time being and for the particular case in hand, they function as if sitting in the place of the local court. This is the true theory of the Constitution and of the federal laws. The aim of the government is to provide impartial tribunals to which certain classes of litigants may with confidence resort, and where they may have a complete remedy. They are not to lose any rights by going into a federal court. If they have rights, whether founded on state laws or otherwise, those rights are to be protected and enforced in the court of their choice. Clark v. Smith, 13 Pet. 195, 203, 10 L. Ed. 123; Ex parte McNiel, 13 Wall. 236, 243, 20 L. Ed. 624; Ry. Co. v. Whitton, 13 Wall. 270, 286, 287, 20 L. Ed. 571; Davis v. Gray, 16 Wall. 203, 21 L. Ed. 447; Mineral Range R. Co. v. Detroit, etc. (C. C.) 25 F. 515, 520; Grether v. Wright et al., 75 F. 742, 746, 23 C. C. A. 498; Darragh v. H. Wetter Mfg. Co., 78 F. 7, 23 C. C. A. 609; Nat. Surety Co. v. State Bank, 120 F. 593, 56 C. C. A. 657, 61 L. R. A. 394; Harrison v. Remington Paper Co., 140 F. 385, 399, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Platt v. Le Cocq, 158 F. 723, 727, 85 C. C. A. 621, 15 L. R. A. (N. S.) 558; Case of Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Cummings v. National Bank, 101 U. S. 153, 157, 25 L. Ed. 903; Dennick v. R. R. Co., 103 U. S. 11, 26 L. Ed. 439; Greeley v. Lowe, 155 U. S. 58, 75, 15 S. Ct. 24, 39 L. Ed. 69; Wehrman v. Conklin, 155 U. S. 314, 324, et seq., 15 S. Ct. 129, 39 L. Ed. 167; Cowley v. N. P. R. R. Co., 159 U. S. 569, 582, 583, 16 S. Ct. 127, 40 L. Ed. 263; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 253, 255, 25 S. Ct. 251, 49 L. Ed. 462; L. & N. R. R. Co. v. W. U. Tel. Co., 234 U. S. 369, 375, 376, 34 S. Ct. 810, 58 L. Ed. 1356.

The foregoing authorities all deal with the enforcement of rights created by state laws, and embrace or refer to cases of eminent domain, injunctions, death by wrongful act, actions to determine adverse claims to land, foreclosure of mechanics' liens, certain statutory proceedings, and various others, of all of which the federal courts took cognizance.

The rule here applicable is found in the leading case above cited, of Clark v. Smith, 13 Pet. 195, 203 (10 L. Ed. 123): "The state Legislature * * * having created a right, and at the same time prescribed the remedy to enforce it, if the remedy prescribed is substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in the same form as it is in the state courts."

Here the substantive right was created by the constitutional provision. It was unknown to the common law. The remedy was provided by the Legislature. That remedy is "substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts." No reason exists why it may not be pursued in those tribunals.

When the plaintiff, a resident of the state of Wisconsin, instituted the receivership proceeding, he had a right to look forward to a full measure of relief, as full as he could be given by any court, or by all courts. If the debts of the corporation were not otherwise paid, he had a right to insist that the stockholders should contribute for that purpose, and he had a right to assume that, if the necessity therefor should arise, the liability of the stockholders would be enforced; and this, whether upon his own petition, or upon the petition of other creditors, or upon the petition of the receiver. Other creditors who came in and were made parties to the proceeding had the same rights. The proposed enforcement of the liability of stockholders is a necessary part of the work of winding up the affairs of the corporation which has now long been in progress, and the usual rules with respect to invoking and enforcing state legislation should apply.

[4-6] There are certain limitations upon the enforcement of state laws by the federal courts. The general rule for such enforcement yields when it meets and is opposed to other rules which are more fundamental. We have the Seventh Amendment to the Constitution of the United States guaranteeing in certain cases the right of trial by jury. We have section 723, Revised Statutes of the United States (section 1244, U. S. Compiled Statutes 1918), which provides

that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law. We have the well-settled rule that claims for legal and equitable remedies shall not be blended in the same suit. We have the rule, announced in many of the cases above cited, that the jurisdiction of the federal courts in equity may not be directly enlarged or diminished by state legislation. Mississippi Mills v. Cohn, 150 U. S. 202, 205, 14 S.. Ct. 75, 37 L. Ed. 1052; Cowley v. N. P. R. R. Co., 159 U. S. 569, 582, 16 S. Ct. 127, 40 L. Ed. 263; Reynolds v. Crawfordsville Bank, 112 U. S. 405, 410, 5 S. Ct. 213, 28 L. Ed. 733. The general outline of that jurisdiction was fixed at the time our first Judiciary Act was passed in 1789 (1 Stat. 73). If the state Legislatures enact laws which run counter to any of these rules, the federal courts will not enforce them. The violation of one of these rules sometimes involves a violation of another as well. A state law, for example, which attempts to transfer to courts of equity all actions for the recovery of money due on promissory notes, or actions in ejectment, or actions for divorce, would not be recognized by the federal courts, because it would violate long-established fundamental rules in equity jurisprudence. Some laws of this character would also violate the Seventh Amendment, and would deprive parties of a jury trial; others would violate section 723, Revised Statutes, above referred to. A state statute may not extend the equity jurisdiction of the federal courts to purely legal matters. This was understood by the Supreme Court to be the substance of the holding in Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358, and Cates v. Allen. 149 U. S. 451, 13 S. Ct. 883, 977, 37 L. Ed. 804. See Mississippi Mills v. Cohn, 150 U. S. 202, 205, 14 S. Ct. 75, 37 L. Ed. 1052.

[7] Where, however, new rights are created by the statutes or former rights are enlarged, they will be protected and enforced by the federal courts, as well as by the courts of the state. A substantive right will not go unrecognized by the federal courts. Case of Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Cowley v. N. P. R. R. Co., 159 U. S. 569, 582, 583, 16 S. Ct. 127, 40 L. Ed. 263.

[8] Another rule is that a remedial right to proceed in a federal court, sitting in equity, cannot be enlarged or diminished by a state statute. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 498, 43 S. Ct.

454, 67 L. Ed. 763; Road Improvement District v. Guardian, etc. (C. C. A.) 298 F. 272. From the context, this rule must be understood as applying in cases where there is no related substantive right to which the remedial right may apply. The rule, as stated in Clark v. Smith, 13 Pet. 195, 203, 10 L. Ed. 123, is an accurate statement of the law as understood and expounded by the federal courts to-day.

Pusey & Jones, Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763, in one of its phases illustrates the application of the rule last referred to. The decision of that case rests upon the two points: (1) That the action of the lower court involved a denial of the right of trial by jury—that plaintiff's right of action was at law (page 497 [43 S. Ct. 454]); and (2) that the remedial right upon which Hanssen relied was unrelated to any substantive right. The state statute provided for the appointment of a receiver, and required certain proof of insolvency in connection therewith, but the court distinctly holds that the statute did not confer upon creditors the right to have a receiver appointed merely because a corporation was insolvent. There was no substantive right. The statute attempted to provide a remedy only. Moreover, that remedy was not "substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts," because it violated certain of the fundamental rules hereinbefore discussed.

None of these considerations are controlling here. Here there has been no attempt directly to enlarge the jurisdiction of the federal courts in equity. An important substantive right was created by the Constitution. The statutory remedy relates to that right. The substantive right is contractual in its nature and is self-executing. Converse v. Hamilton, 224 U. S. 243, 253, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292; Harrison v. Remington Paper Co., 140 F. 385, 388, 390, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314. Under such circumstances, if there had been no remedial statute, a federal court of equity, as between proper parties, could enforce the constitutional provision. The statute adds nothing to the jurisdiction of the federal court. The statute being in existence, the court adopts and follows it pursuant to well-settled rules. The fact that the substantive right and the remedy were not created and provided at the same time is not important. The words "and at the same time," in the rule quoted from Clark v.

Smith, 13 Pet. 195, 203, 10 L. Ed. 123, are to be understood as if they read, "and having also." This must be the sense of the matter under any circumstances, and especially where, as here, the court would have jurisdiction without the statute; and such appears to be the understanding of the courts. Case of Broderick's Will, 21 Wall. 503, 520, 22 L. Ed. 599; Van Norden v. Morton, 99 U. S. 378, 380, 25 L. Ed. 453; Cummings v. National Bank, 101 U. S. 153, 157, 25 L. Ed. 903.

[9] As a further objection, it is urged that the proceeding to enforce the constitutional liability of stockholders must fail in this court because, under the rule of the federal courts, a receiver has no authority beyond the jurisdiction in which he is appointed, and that, this being so, the successful prosecution of the enforcement proceedings in this court is effectually prevented. To this there are various answers:

(1) We have here an unquestioned right created by the constitutional provision. As already indicated, if there were no statutory remedy available to the federal courts, or if by reason of its terms it was not workable therein, the general equity powers of the courts might then be invoked. There should be no clear right without a remedy.

(2) If a receiver of this court, under orders to enforce the liability of stockholders pursuant to the provisions of the statutes hereinbefore referred to, is still without authority to prosecute a suit in another state or district, it is not impossible that the matter may be worked out through ancillary receiverships.

(3) In proceedings to enforce the liability of stockholders under the Constitution and laws of the state of Minnesota, it should be held that a receiver appointed by the federal court is clothed with authority to prosecute actions in such proceedings in foreign jurisdictions. The court is administering the laws of the state in the same way, and it must be with the same effect as if they were being administered by the state court. The rule confining the authority of receivers is well settled. In the federal courts that rule applies, not only to receivers appointed by those courts, but to all receivers appointed by all courts. Speaking generally, but including nearly all cases, the authority of a receiver is limited to the jurisdiction of the court by which he is appointed. Before the enactment of the present law in the state of Minnesota, providing for the enforcement of the liability of stockholders, the federal courts held that

a receiver in charge of such proceedings, appointed by a state court, could not prosecute an action in a foreign state. Hale v. Allinson, 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380. When the present law was enacted, which makes the receiver, in effect, an assignee clothed with the right to prosecute actions to enforce such liability anywhere, the rule previously announced was changed, and such receivers may now bring and prosecute their actions wherever the defendant may be found. Bernheimer v. Converse, 206 U. S. 516, 534, 27 S. Ct. 755, 51 L. Ed. 1163; Converse v. Hamilton, 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. If that may be accomplished when the proceeding is in the state court, there is no satisfactory reason why a proceeding under the same law in the federal courts should be less effective, or why a receiver appointed therein should have less authority or power.

[10] If, in a proceeding in the federal court, the state statute is actually invoked and given effect, the result must be the same as in the state court, and the receiver must in effect become an assignee with respect to the right to enforce the constitutional liability in question. He takes on this added right or power, not necessarily at the time of his appointment, but when the order for an assessment is made. Converse v. Hamilton, 224 U. S. 243, 255, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. Up to that time he may be a chancery receiver or a statutory receiver only, but, whatever the character of the receivership, he may under proper circumstances apply to the court for leave to proceed against the stockholders.

"The language of section 3184 [Revised Laws, Minn. 1905] is in general terms, and provides that 'whenever it shall be made to appear by the petition of a receiver or assignee of a corporation'—that is, any receiver—the court shall proceed as provided in this and the subsequent sections cited for the enforcement of the stockholders' liability for the debts of the corporation." Way v. Barney, 116 Minn. 285, 294, 133 N. W. 801, 804 (38 L. R. A. [N. S.] 648, Ann. Cas. 1913A, 719).

It is when the order for assessment is made, and not before, that the receiver takes on the character of an assignee with reference to the constitutional liability of stockholders. As receiver only, he deals with the assets of the corporation. The claim against stockholders on account of their constitutional liability is no part of such assets. It belongs to the creditors as such. Minne-

apolis Baseball Co. v. City Bank, 66. Minn. 441, 444, 446, 69 N. W. 331, 38 L. R. A. 415; Selig v. Hamilton, 234 U. S. 652, 658, 34 S. Ct. 926, 58 L. Ed. 1518, Ann. Cas. 1917A, 104. When the receiver is authorized to prosecute such claims, he enters a new field, and his rights and duties are extended quite beyond those of a simple receiver. Converse v. Hamilton, 224 U. S. 243, 255, 32 S. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. This should be no less so in the federal than in the state court. If the federal court acts at all in the enforcement of the constitutional liability under the state statute, the receiver necessarily takes on the character of an assignee. As receiver only of the property of the corporation, he acquires no right to enforce claims which belong to the creditors, and not to the corporation.

The leading case upon the matter of receivers, and the extent of their authority (Booth v. Clark, 17 How. 322, 15 L. Ed. 164), does not arbitrarily limit them to the jurisdiction in which they are appointed. That case, and those which have succeeded, have left room for exceptions where the circumstances are similar to those in the case at bar. The rule as stated in that case is that a receiver has no powers save such as are conferred by the order of appointment, and that such powers must be exercised within the jurisdiction of the court by which the appointment is made, "unless where he is appointed under the statute of New York directing proceedings against corporations, * * * and then he is a standing assignee, vested with nearly all the powers and authority of the assignee of an insolvent debtor." Page 331. In other cases he is spoken of as a universal assignee.

Great Western Mining & Mfg. Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163, is a case where a receiver was appointed by the United States Circuit Court for the District of Kentucky. On his bringing suit in another district, his authority was questioned. In the course of the opinion, the court, at page 574, refers to the possibility of title having passed to the receiver by force of some statute. It is not at all clear whether the court has in mind a state statute, but it is not clear that it has not.

In the last analysis, then, so far as concerns the authority of a receiver appointed in the federal court and directed to enforce the constitutional liability of stockholders, to sue in a foreign jurisdiction, the question is whether such proceeding in such court,

under the state statute invests the receiver with the same rights and powers as if the proceedings were in the state court. The answer should be in the affirmative.

On each of the three grounds, therefore, which have been considered, the objection to this proceeding, on the claim that a receiver, if appointed, could not maintain an action in a foreign jurisdiction, should be held invalid; and, upon consideration of the whole matter, it should be held that the present receiver is a proper person to act in enforcing the constitutional liability of stockholders, that the prosecution of such claims may be carried on in this court, and that further proceedings herein should be had in accordance with the provisions of the statutes of Minnesota, hereinbefore referred to.