SNIDER v UNITED BANKING & TR CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11153. Decided April 27, 1931

Bernon, Mulligan, Keeley & LeFever, Cleveland, for Snider.

Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for United Banking & Trust Company.

Amicus Curiae: R. D. Metzner, Esq., Cleveland.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th 'Dist), sitting.

SHERICK, J.

It is further averred that the Ohio Company is insolvent; that it has no assets of any kind and is not conducting any business and that this company is incorporated for the sum of Three Hundred Thousand Dollars, all of which is issued and outstanding, and that the 67 individual defendants are respectively the owners of various amounts of the Ohio Company's stock totalling $117,344.00 and that these 67 defendants are equally and ratably indebted to plaintiff bank in the sum previously stated, together with interest; that is to the extent of the respective amounts of their stock at the par value thereof.

It may be noted that the Ohio Bank is also a defendant in this action and is not included in the 67 individual defendants named, and it may be also noted that there has been a substitution made in this case by virtue of the consolidation of the United Bank with another which is now known as The Central United National Bank of Cleveland.

It is conceded by all parties appearing in this court that but one question is presented for this court's determination. It may be concisely stated as follows: Is the right of the Superintendent of Banks to enforce the individual liability of stockholders of a bank exclusive? The issue may be otherwise stated in the following fashion, that is, is §3 of Art 13 of the Constitution of the State of Ohio self-explanatory? That provision of the Constitution reads as follows:

"Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her; except that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

This provision of the Constitution was an amendment thereto in 1913, and after its adoption the legislature enacted two certain provisions which seem pertinent to the issue and which are:

"Sec 710-75 GC—Stockholders of banks shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. The stockholders in any bank who shall have transferred their shares or registered the transfer thereof within sixty days next before the failure of such bank to meet its obligations or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to effect in any way recourse which such stockholders might otherwise have against those in whose names such shares are registered at the time of such failure. At any time after taking possession of a bank for the purpose of liquidation when the Superintendent of Banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities he may enforce the individual liability of the stockholders."

"Sec 710-95 GC. Upon taking possession of the property and business of such bank, the Superintendent of Banks is authorized to collect money due to such bank, and to do such other acts as are necessary to preserve its assets and business and shall proceed to liquidate the affairs thereof, as hereinafter provided. The Superintendent of Banks shall collect all debts due and claims belonging to it, and upon the order of the Common Pleas Court in and for the county in which the office of such bank is located, may sell or compound all bad or doubtful debts and on like order may sell the real estate and personal property of such bank, on such terms as the court shall direct. The Superintendent of Banks shall give notice to such bank of the time and place of making application to said court for such order. The Superintendent of Banks upon the terms of sale or compromise directed by the court, shall execute and deliver to the purchaser of such real and personal property such deeds or instruments as shall be necessary to evidence the passing of the title; and if said real estate is situated outside the county in

which the office of the bank was located, a certified copy of such order authorizing and ratifying said sale shall be filed in the office of the recorder of the county within which said property is situated; and may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders."

It is asserted on behalf of plaintiff in error that where a constitutional or statutory provision creates a liability and in connection therewith a method of enforcement of that liability is provided, that it is well settled that the method so provided is the exclusive method and means for enforcing that liability. We are unable to agree in the case at bar that this law so contended for is true.

The record in this case does not disclose and it is not claimed that the Superintendent of Banks ever took possession of The Ohio Trust Company for the purpose of liquidation or has ascertained that its assets are insufficient to pay its debts, or that he has sought to enforce the individual liability of its stockholders. An examination of the banking act under which the superintendent of banks acts does not disclose that the superintendent is required to so act in all cases, but it is plain that the matter of whether he shall or shall not act lies within his discretion. The power to enforce liquidation is permissive only and is not mandatory in any sense of the word.

Referring now to §710-75 GC, it will be noted that the Superintendent of Banks must first take possession of the bank for purpose of liquidation and on taking possession if he learns that the assets are insufficient to pay its debts, he may in his discretion enforce the stockholders liability. Now in this case he made in fact an election not to interfere in the liquidation of the Ohio Company, but he approved of the contract made between it and the United Company.

Reverting now to the constitutional provision in question it is plain therefrom that the Constitution makers in 1913, intended no double liability upon stockholders in corporations. At this point in the section we notice a semicolon appearing which divides it from the balance of the section, and it is plainly accepted from the general provision that stockholders in a corporation authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another for all contracts, debts and engagements of such corporation, to the extent of the amount of their stock therein, at the par value

thereof.

It seems to us, therefore, clear that the framers of this amendment unequivocally intended and prescribed a certain right in depositors, and the legislature had no right to attempt by the two sections quoted to limit the extent and the manner of exercising this right, and to our notion there can be no question but that this provision is self-executory.

By the statutes quoted it was undoubtedly the intention of the legislature not to attempt to limit the provisions of §3 of Art 13, but to grant unto the Superintendent of banks in a matter of bank liquidation the right to enforce a stockholders double liability for he is in fact in that case a trustee for the depositors and the creditors of that institution.

It is conceded by the United Company that had the Superintendent of Banks assumed the liquidation of the Ohio Bank, that he would have had the unquestioned right to enforce double liability upon the part of the stockholders and this right he would have had without question, and further recognized that it, that is The United Bank, could not institute a suit of this kind if the Superintendent of Banks had instituted or was about to institute a like suit.

Turning now to the decisions in this State, we believe that the case of **Lang v Osborn Bank, 100 Oh St, 51,** is decisive of the question presented in this case. Therein the court held that §3 of Art 13 was self-executing and therein the court made further remark that the people's representatives in making a Constitution in order to safeguard the public's interest, have frequently legislated directly and expressly for the people rather than place their trust solely in the General Assembly, and this the Constitution makers in 1913 did in the adoption of this section, and it was intended thereby that it should be kept free from any interference by the General Assembly.

We find that the Supreme Court in the case of **Allen v Scott, 104 Oh St, 436,** approved of its prior holding in the Lang case and it is sound law as therein announced on page 443 that "the General Assembly is the creature of the Constitution and the powers of the creature cannot under any circumstances arise above those of its creator, the sovereign people who gave it being. The power of an agent cannot be greater than that of the principal."

Our attention has been directed by the plaintiff in error to the case of Middletown National Bank v Toledo Railroad Co., 197 U. S. 394, and it is advanced that this au-

thority is decisive of his position; and we note that it is held therein concerning the question of whether a constitutional provision was self-executory or not, that that court said: "If there were such a decision we would follow it." And it having been held by our Supreme Court that the statute is self-executory we now are of the opinion that the Middletown case cannot be decisive of this question.

It is therefore the holding of this court that §710-75 GC, is merely an empowering act enabling the Superintendent of Banks to enforce individual liability under certain circumstances; and we further hold that the demurrer to the petition which attacked it upon the ground that it did not state a cause of action, and that there was an improper joinder of parties was properly overruled and the judgment of the trial court is therefore affirmed. Exceptions noted.

LEMERT and MONTGOMERY, JJ, concur.