ALICE M. COULSON *et al.*

*v.*

SARAH R. ALPAUGH *et al.*

*Filed at Ottawa November 9, 1896.*

WILLS—*language held insufficient to create a precatory trust.* A will
giving testator's wife all his property for life, with power to sell
and re-invest and use and dispose of the entire interest in the prop-
erty, does not create a precatory trust in favor of his sons by a
subsequent clause requesting her to make, at her death, an "equi-
table distribution of what remains among my children," etc., as
there is no definite or ascertained subject matter in view of the
expression "what remains."

APPEAL from the Circuit Court of Henderson county;
the Hon. JOHN J. GLENN, Judge, presiding.

This was a bill filed by appellees, against appellants,
asking for partition of the north-east quarter of section
10, township 8, north, range 4, west of the fourth prin-
cipal meridian, in Henderson county, Illinois. The case
involves the construction of the will of John Corzatt, de-
ceased.

John Corzatt, late of Henderson county, Illinois, de-
parted this life testate, in said county and State, on or
about the 5th day of July, 1877, and at the time of his
death was the owner in fee of the said land. Deceased
left surviving him his widow, Elizabeth Corzatt, and
Sarah R. Alpaugh, Mary A. Voorhees, Catherine C. John-
son, Samuel Elwood Corzatt, Benjamin F. Corzatt and

William Nelson Corzatt, his only children, and John W. Corzatt, (the only child of Peter F. Corzatt, a son of said John Corzatt, who died prior to the death of said John,) as his only heirs-at-law. His will reads as follows:

"*First*—I order and direct that my funeral expenses and all just debts be paid.

"*Second*—I give and bequeath to my beloved wife, Elizabeth Corzatt, all the real and personal estate of which I may die possessed, with full power to use and dispose of, to sell and re-invest the proceeds in lands or otherwise for her use while living, requesting her to make at her death such equitable distribution of what remains among my children, giving first, before such disposition of the property that may at her death remain, to my sons William Nelson Corzatt and Elwood Corzatt each $300 or a team of horses worth that sum, and the same to my son Benjamin Franklin Corzatt, and to pay my grandson, if he arrives at the age of twenty-one years, (said grandson is John W. Corzatt,) the sum of $500, but said $500 is not to be paid until after the death of my said wife, Elizabeth Corzatt.

"*Lastly*—I hereby appoint my wife, Elizabeth Corzatt, my sole executrix of this my last will and testament, hereby revoking all former wills by me made."

The will was duly probated August 8, 1877. The widow, Elizabeth Corzatt, died May 28, 1895, without having disposed of the real estate either by deed, will or otherwise, and without making any distribution, as requested in said will, among the children of the testator. The three legacies of $300 each have all been satisfied. The legacy of $500 to John W. Corzatt has never been paid or satisfied.

William Nelson Corzatt, (former husband of Alice M. Coulson,) one of the children of John Corzatt, died testate May 10, 1882, and left surviving him his widow, Alice M. Corzatt, (now Alice M. Coulson,) and no children or descendants of children. By his will he devised

all his property, including his interest in his father's estate, to his widow, Alice M. Corzatt.

The circuit court decreed partition of the land owned by John Corzatt among the complainants, Sarah R. Alpaugh, Mary A. Voorhees, Catherine C. Johnson, Samuel Elwood Corzatt and Benjamin F. Corzatt, giving to each of them a one-fifth interest, and also decreed that defendants, Alice M. Coulson and John W. Corzatt, took no interest therein, and also decreed like distribution of the personal property. From said decree appellants have appealed to this court, and ask that the decree of the circuit court be reversed.

O'HARRA, SCOFIELD & HARTZELL, for appellants.

RAUS. COOPER, and KIRKPATRICK & ALEXANDER, for appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

By the will of John Corzatt he gave and bequeathed to his wife, Elizabeth Corzatt, all his real and personal estate "for her use while living." These latter words limit the gift, and show that what she took was not the fee simple title, but an estate for life. In addition to this life estate there was also donated to her a power "to sell" the fee and "re-invest the proceeds," and likewise power "to use and dispose of" the entire interest in the property. It would have been entirely competent for the testator, upon creating this life estate and giving the powers to sell and make disposition of the fee, to have limited a remainder after the termination of the life estate, either to his children generally or to such of them as should survive their mother, and he might have limited this remainder to the property not sold, disposed of and used, under the powers, by the first donee, or to so much thereof as might remain unexpended. (*Hamlin* v. *United States Express Co.* 107 Ill. 443; *Kaufman* v. *Breckinridge*, 117 id. 305; *Walker* v. *Pritchard*, 121 id. 221.) The

contention of appellees is that the testator substantially did this by the precatory words found in the latter part of the second item of the will. The language relied on by appellees is this: "Requesting her to make at her death such equitable distribution of what remains among my children, giving first, before such disposition of the property that may at her death remain, to my sons William Nelson Corzatt and Elwood Corzatt each $300 or a team of horses worth that sum, and the same to my son Benjamin Franklin Corzatt, and to pay to my grandson, if he arrives at the age of twenty-one years, (said grandson is John W. Corzatt,) the sum of $500, but said $500 is not to be paid until after the death of my said wife, Elizabeth Corzatt."

In *Mills* v. *Newberry*, 112 Ill. 123, this court had before it the matter of a precatory will. It was there held, that to constitute a valid trust by a devise three circumstances must concur: sufficient words to raise it, a definite subject and a certain or ascertained object; that if the subject is not certain no trust arises, and that if the will gives the first taker the power of withdrawing any part of the subject from the object of the wish or request, or of applying it to his own use, the subject cannot be considered certain and a court of equity will not create a trust. The case then before the court was, that the testatrix devised and bequeathed all her property to her mother, "upon the express condition" that she devise by will so much of the property "as shall remain undisposed of or unspent at the time of her decease" to a charity of a designated class. The mother refused to comply with the condition, and demanded and received the estate, as the only heir-at-law of her daughter, upon the ground there was no residuary clause in the will and the estate was intestate. The court held, upon bill filed during the life of the mother, that the uncertainty as to the estate that might remain at the mother's death was such as that no trust could be declared. It was there said that the subject of

the trust was so much of the property as shall remain undisposed of or unspent at the time of the decease of Mrs. Newberry, and that the uncertainty of the subject matter of the trust attempted to be asserted presented an insuperable difficulty, and the court, after quoting from various like authorities, said (p. 135): "The rule, which we believe to be amply supported by the authorities, is thus laid down in Hill on Trustees, 119: 'But any words by which it is expressed, or from which it may be implied, that the first taker has the power of withdrawing any part of the subject from the object of the wish or request, or of applying it to his own use, will prevent the subject of the gift from being considered certain.'"

The words "request" and "requesting" are, under many circumstances, precatory words sufficient to raise a trust, and under other circumstances it is otherwise. It depends not only upon the sense in which the words are used,—whether intended as imperative or as merely the expression of a wish or preference, the observance of which is left to the discretion of the first taker,—but, even where it is clear the language was intended as mandatory, it also depends upon the fact whether the intention is defeated by the other provisions of the will, for it is just as essential to the creation of a trust that there should be certainty of object and certainty of subject matter as it is that the words in which the intention is expressed should be imperative. *Knight* v. *Knight,* 3 Beav. 148; *Howard* v. *Carusi,* 109 U. S. 725; 2 Pomeroy's Eq. Jur. secs. 1014-1016, and authorities there cited.

In respect to the will now in question, no claim is or could be made that the request to give to each of the three sons of the testator the sum of $300 or a team of horses worth that sum, as also the provision to pay to the grandson, John W. Corzatt, the sum of $500 if he arrives at the age of twenty-one years, did not create trusts that were binding upon the property in the hands of the first taker. As to those bequests the necessary

elements of certainty of both objects and subjects clearly appear in the will.

In respect to the distribution to be made at the time of the death of the first taker, Elizabeth Corzatt, and after the payment of the bequests to the three sons and the grandson, the provision is, "requesting her to make at her death such equitable distribution of what remains among my children, giving first, before such disposition of the property that may at her death remain," etc. In this provision the words "at her death," "distribution" and "among my children" sufficiently indicate the objects of the testator's bounty. They manifestly are such of his children as are living at the time of the death of his wife, the first taker. But the difficulty in the way is the same that was found to be insuperable in *Mills* v. *Newberry*, *supra*, and it is the uncertainty as to the subject matter of the trust. In that case the language of the will was, "so much of my property as shall remain undisposed of or unspent at the time of her decease," and the provision here is, that the life tenant shall make at her death distribution "of what remains," and this language is emphasized by referring to that which is requested to be done as "such disposition of the property that may at her death remain."

As we have already seen, the will gave the life tenant power to sell and dispose of the fee and use the proceeds, and it was only the property that should at her death remain that she was requested to make distribution of among the testator's children. The use of the expressions "what remains," and "the property that may at her death remain," conclusively shows that the testator contemplated and intended that his widow might or would expend all or a part of the money derived from a sale of the property under the power, and implies that distribution was to be made of only what she had not disposed of and used. And since, as laid down in the books and established by the authorities, in order to constitute a

valid trust three things must concur,—sufficient words to raise it, a certain subject and a definite object,—it follows that by the will in question, there being no limitation to any certain thing or part of a thing, the supposed devise and legacy to the surviving children of the testator are inoperative for want of a definite or ascertained subject matter. True it is that the concluding paragraph of the opinion of the court in *Mills* v. *Newberry, supra,* seems to intimate that if, upon the death of the first taker, any of the property shall remain undisposed of the trust can attach to it; but this was mere *dictum,* as no such question then was or could be before the court for decision. The authorities are otherwise, and we know of no case in which it has been held that a precatory trust was created where the will itself, at the time it first spoke,—namely, at the death of the testator,—did not show certainty as to the subject matter.

Our conclusion is, that the circuit court erred in decreeing partition of the land and distribution of the personal property among the five appellees, giving to each of them a one-fifth interest, and in decreeing that appellants, Alice M. Coulson and John W. Corzatt, took no interest therein. As the life estate of Elizabeth Corzatt, the life tenant, had fallen in, and as she had not executed the powers that her testator had donated to her, both the land and the personal estate were intestate property, and after payment of the $500 legacy should have been partitioned and divided equally among the five appellees, children of said testator, the appellant John W. Corzatt, (only child of Peter Corzatt, deceased, and grandson of the testator,) and the appellant Alice M. Coulson, (widow and devisee of William Nelson Corzatt, deceased,) giving a one-seventh part to each.

The decree is reversed and the cause remanded, with directions to enter a decree in conformity with the views herein expressed.        *Reversed and remanded.*