EGLESTON v. TRUST COMPANY OF GEORGIA, exr., et al.

A provision in a codicil, "that any person not named for bequests by being overlooked by me, and who the executors feel was an oversight, be provided for liberally and before provision is made for any charitable object," is unenforceable, because it is too indefinite and too uncertain.

No. 28.  OCTOBER 18, 1917.

Petition for construction, etc.  Before Judge Pendleton.  Fulton superior court.  December 23, 1916.  (See ante, 154.)

The Trust Company of Georgia, as executor of the will of Thomas Egleston, deceased, filed a petition for construction of the will, and for general direction.  William Egleston filed his intervention.  A codicil to the will contained, among other provisions, the following: "And that any person not named for bequests by being overlooked by me, and who the executors feel was an oversight, be provided for liberally and before provision is made for any charitable object."  The judge of the superior court in his decree held that this provision is "too indefinite to be effectual, and is incapable of being carried out by the executor and the advisory trustees, or either of them, and is therefore void and of no effect."  This ruling is excepted to upon the ground that it is contrary to law; and also, among other grounds, because "said provision is a valid and binding testamentary disposition; and upon the ground that said provision is not too indefinite to be effectual; and upon the ground that said provision does not lack certainty; and further upon the ground that it is not so broad and far-reaching in its scope as to endanger the carrying out of the general scheme of the testator's will and being inconsistent with its real intention; and because it is not incapable of being executed on the ground that the executor and advisory trustees can not ascertain whether a person was overlooked by the testator, or whether the failure to provide for a person was an oversight."

*Moise & Riddell,* for plaintiff in error.

*Anderson & Rountree, King & Spalding, H. A. Alexander,* and *C. H. & R. S. Cohen,* contra.

GILBERT, J.  (After stating the foregoing facts.)  The validity of the foregoing excerpts from the codicil depends upon whether the executor and advisory trustees can determine (1) what "persons" were "overlooked;" (2) whom the executors feel were thus "overlooked" by "oversight;" and, (3) what would be a liberal

provision for such persons. Without attempting to analyze, reconcile, or explain the almost endless views upon the question involved, to be found in decisions and other authorities, we are of the opinion that the provision of the codicil is unenforceable, because it is too indefinite and too uncertain. The proposed bequest is not limited to friends or relatives, or to any class of "persons." It might be possible to determine what would be a liberal provision, in the light of the value of the entire estate and the bequests already made certain, provided an intelligent and reasonably accurate limit could be fixed to the number of beneficiaries entitled to take under the provision. But we do not see how it could be determined that any particular person not named for a bequest in the will was "overlooked" by the testator, due to "oversight." The mere fact of relationship or friendship, together with a failure to receive mention in the will, does not necessarily imply an "oversight." Every will is so much a thing of itself, and generally so unlike other wills, that it must be construed by itself as containing its own law. *Olmstead* v. *Dunn*, 72 *Ga.* 850. This is especially true of the will now under consideration. The intention of the testator, ascertained from the words of the will, under the law existing at the time it takes effect and subject thereto, is the paramount guide; but where that intention is expressed in terms too indefinite and uncertain to permit enforcement, it amounts to no expression of intention. The intention of this testator as to other dispositions of his property was clearly and unmistakably expressed in the will; and the courts should adhere to that which is without doubt, rather than wander into the dangerous and doubtful paths of uncertainty. In the case of Minot v. Parker, 189 Mass. 176 (75 N. E. 149), the court had under consideration the terms of a will where the testator bequeathed a part of his estate to "any of testator's relatives, who 'without reason' he might have overlooked, such sum as might seem to . . his executors, under all the circumstances, fitting, suitable, and proper." This provision was held void for uncertainty and indefiniteness. In the opinion the court said: "When an attempt is made to define the class of relatives intended, there is nothing disclosed by any extrinsic facts from which it can be determined that any of the testator's relatives whom he may have omitted were unintentionally overlooked. If construed to mean relatives whom he may have forgotten, we are no

nearer a definition; for there is no standard provided by him by which to ascertain how far he may have remembered and purposely omitted them, or, without such an intention, failed to recall them when making a testamentary disposition of his property. Before any distribution could be made, the executors or the court would be called upon to decide, and must determine, not who were the testator's relatives at the time of his death, but what members of this class had been forgotten by him. Manifestly this would be a practical impossibility." In that case the bequest was limited to relatives. Otherwise the case is very similar to this case.

The trial court did not err in adjudging that the provisions of the codicil in question were void and of no effect.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*