**HENDRICKS v. WALL et al.   (No. 1803.)** *

(Court of Civil Appeals of Texas.   El Paso.
Oct. 29, 1925.   Rehearing Denied
Nov. 12, 1925.)

**1. Attachment ⬅184—Liens held not lost by sale of property, but postponed until final distribution.**

Where a judgment, in actions consolidated for trial, foreclosed liens and ordered defendant's property sold, but claim of prior attachment lien was postponed for separate trial, and property was sold and money distributed, except sufficient to pay excepted claim if it should be established, *held*, sale of the property did not terminate liens which were preserved, and distribution of money reserved in hands of sheriff was merely postponed until final distribution could properly be made.

**2. Trusts ⬅231(1)—Fiduciary not permitted to profit from trust.**

A fiduciary has no right to make merchandise of confidence reposed in him.

**3. Trusts ⬅231(1)—Contracts for secret profits void as against public policy.**

A contract, whereby a trustee or fiduciary secretly profits, is void as against public policy, irrespective of whether he intended an actual wrong or whether injury resulted to beneficiary.

**4. Contracts ⬅113(3)—Contract with president of corporation for division of salary and commissions held void as against public policy.**

Contract between plaintiff and president of a corporation for maintenance of publicity bureau, whereby plaintiff was to receive salary and commissions on sales of all lands by corporation, and to divide one-half of his profits with the president of corporation, *held* void as against public policy.

**5. Contracts ⬅137(2)—Contract, based on more than one consideration, one of which is unlawful, held wholly unenforceable.**

A contract, based on more than one consideration, any one of which is unlawful, whether violative of a statute or the common law, is not divisible, but wholly unenforceable, and void.

**6. Appeal and error ⬅1173(2)—Judgment not reversed as against party not appealing.**

Where only one of several parties adversely affected by a judgment appeals therefrom, such judgment will not be reversed as against parties not appealing.

Appeal from District Court, Ector County; Chas. Gibbs, Judge.

Action by E. J. Wall against the Farmers' Oil Company, in which B. C. Hendricks intervened.   Judgment for plaintiff for less than his demand, and both plaintiff and intervener appeal.   Affirmed in part, and reversed and reformed in part.

C. W. Tate, of Odessa, and E. R. Bryan, of Midland, for appellant.

Geo. K. Stayton, of Midland, and Birge Holt, of Barstow, for appellees.

WALTHALL, J.   Edward J. Wall brought this suit in the district court of Ector county against the Farmers' Oil Company, a corporation, to recover a judgment for $2,500 for personal service alleged to have been rendered said corporation upon a contract of employment in writing, of date October 16, 1923; the Farmers' Oil Company in making said contract acting by its president, H. O. Hartzell.

Prior and subsequent to the filing of Wall's suit other parties, namely, V. P. Kipgen, A. E. Cody, B. C. Hendricks, F. E. Gibbons, J. T. Cross, S. R. McKinney, and M. E. Eddleman, filed suits in the district court of Ector county against the Farmers' Oil Company for various sums of money, each securing attachment or other liens on all of the property of the Farmers' Oil Company, consisting of drilling machinery, and located in said county. At the September term of the district court of Ector county all of the suits of said parties then pending, by order of the district court and the consent of all parties, were consolidated and tried as one case under the title of C. P. Kipgen et al. (consolidated cause No. 513) v. Farmers' Oil Company, except the cause of appellee, E. J. Wall v. Farmers' Oil Company, which, by permission of the court, was withdrawn from the consolidated cause and continued for the term.

All of said parties, except Wall, obtained judgments for their claims against the Farmers' Oil Company, with foreclosures of their several liens and order of sale of said property, with direction that the proceeds from the sale be applied to the said judgment according to the priority of the liens, except that the officer making the sale was directed by said judgment to retain $2,500 of the purchase money at the sale subject to the result of Wall's suit against the Farmers' Oil Company.

The property was sold under the order of sale on November 20, 1924, and was purchased at the sale by B. C. Hendricks (intervener here) for $5,600, and the money applied as directed by the judgment to the discharge of the costs and to the claims of the above parties in the order of their priorities, reserving the $2,500. Some of said judgments were paid in full, and one (Cody) only in part, and others received no part of the funds. Hendricks had purchased Cody's judgment, the unpaid balance of which, together with his own judgment, upon which no amount had been paid, made Hendricks' unpaid two judgments amount to $2,112.75 at the time of the trial of this cause (Wall v. Farmers' Oil Company).

At the trial of this cause Hendricks, in February, 1925, was granted permission to intervene, alleging his interest in the subject-matter of the suit as above, and alleging, further, that Wall's contract with the Farmers' Oil Company, and upon which Wall based his

suit, shows upon its face to be against public policy and void, and that by reason of said void contract Wall's attachment of said property was also void, and that by reason thereof, intervener being next in priority of liens, was entitled to have his said two judgments paid out of the money received and in the hands of the officer. To Hendricks' petition in intervention Wall answered by general exception and general denial. The trial court overruled the exception.

The case went to trial without a jury as between Wall, the Farmers' Oil Company, and Hendricks, intervener, resulting in a judgment in favor of Wall against the Farmers' Oil Company, in the sum of $1,620, and that Hendricks take nothing by his intervention. Wall and Hendricks each excepted to the judgment, and each gave notice of appeal and have perfected their appeals.

The trial court made findings of fact, and Wall and Hendricks have filed an agreed statement of facts, from which we will state, in addition to what has been stated above, only such findings of fact in connection with the matters presented as seems necessary.

## Opinion.

Appellee E. J. Wall sued the Farmers' Oil Company, a corporation, for the sum of $2,500, and based his right to recover upon the following contract, and performance on his part of the services in said contract indicated for the months of January and February and two weeks of March, 1924.

The contract is in words and figures substantially as follows:

"Memorandum of Agreement: This contract made and entered into this nineteenth day of October, 1923, by and between the Farmers' Oil Company, Inc., of Lancaster, Pennsylvania, through its president, H. O. Hartzell, hereinafter known as the party of the first part, and Edward J. Wall of Odessa, Texas, hereinafter known as the party of the second part, witnesseth:

"The party of the first part, in consideration for the services of the party of the second part in establishing and maintaining a publicity bureau, for one year from date, hereby agrees to pay the party of the second part the sum of $1,000.00 monthly, at the rate of $250.00 per week.

"The party of the first part hereby agrees to furnish and outfit such offices as are necessary for the maintenance of this publicity work at Washington, D. C.

"It is also further understood and agreed that the party of the first part shall pay to the party of the second part in addition to the sum hereinbefore mentioned, 5 per cent. of the gross sales of all land sold through the land department of the Farmers' Oil Company, Inc., and by any of its agents.

"The party of the second part agrees to maintain and conduct the publicity bureau hereinbefore mentioned in strict accordance with the ethics of journalism.

"The party of the second part hereby agrees and binds himself to pay to Mr. H. O. Hartzell, personally, 50 per cent. of all profits accruing from the business. This will also include 50 per cent. of the 5 per cent. commission on all sales made by the land department of the Farmers' Oil Company, Inc.

"In witness whereof the parties of this agreement have hereunto set their hands and seals the day and year first above written.

"Farmers' Oil Co., Inc.
"H. O. Hartzell, Pres. [Seal.]
"Edward J. Wall. [Seal.]"

Wall performed the services indicated in the contract for the two and one-half months stated, for which he had not been paid the salary agreed to be paid as in the contract indicated, and for which he sued and attached the property of the Farmers' Oil Company. Wall's suit and attachment of the property was prior in time to that of Hendricks' suit and attachment of the same property.

Hendricks presents five propositions, all asserting, in effect, that the above contract between the Farmers' Oil Company and Wall is contrary to public policy and void, and for that reason the suit of Wall based thereon forms no basis for his suit and attachment.

Without quoting the verbiage of the several propositions, they assert that the contract on its face shows that it had an unlawful object in view—to defraud another—that the object and tendency of the contract is to constitute a breach of trust on the part of each standing in fiduciary or confidential relation; that persons contracting must do so bona fides between themselves and not mala fides in respect to others in such relation to either as to be affected by the contract or the consequences of it. The acts agreed upon under the contract are contrary to public policy, are indivisible, rendering the contract absolutely void, and form no basis for the attachment as against appellant's judgment foreclosing his attachment lien.

Appellee Wall counters with several propositions, in effect, suggesting that appellant does not show any lien on or interest in the money in the hands of the sheriff; that the property attached by appellant having been sold, his lien lapsed; that the judgment rendered in the consolidated cases foreclosing the attachment liens recognized the statement lien of appellee, which lien was not foreclosed, but remained valid and outstanding, and, sale having been made of the attached property under said foreclosure judgment for the satisfaction of the judgment in the consolidated case, the proceeds retained by the sheriff for the satisfaction of appellee's judgment, appellant's lien is terminated as to the money now in the hands of the sheriff, and the court should have sustained his general exception to the petition in intervention.

[1] We do not concur in appellee's contention that the attachment lien in the consolidated cases lapsed or became lost as to the money in the hands of the sheriff by reason of the sale of the attached property. The

                                (277 S.W.)

judgment foreclosed the liens, ordered the property sold, but, inasmuch as appellee asserted a prior attachment lien, and did not go to trial in the consolidated cases, but withdrew therefrom, the issues tendered by appellee asserting an indebtedness to him by the Farmers' Oil Company and his prior attachment lien on the same property were by order of the court postponed until a trial could be had of said issues. The question of appellee's right to judgment and lien and, in this case, appellee's right to participate in the proceeds from the sale of the attached property had not been determined, but was postponed to this hearing, and trial of the issues could be had. The judgment preserved all the liens asserted in the consolidated cases, and the distribution of the money reserved in the hands of the sheriff, by order of the court, was postponed until a final distribution could properly be made.

In Murphy et al. v. Nash (Tex. Civ. App.) 45 S. W. 944, referred to by appellee, it was said that no reasonable distinction can be drawn between an attachment lien and an execution lien, as affecting the right of intervention. It was further said in that case that it is settled law by a number of decisions of this state, referring to them, that a subsequent attaching creditor may intervene in a suit, where a prior attachment has been issued and levied, for the purpose of protecting his interests against fraud and collusion.

The questions then recur upon the propositions of appellant: Does the contract between appellee Wall and Hartzell, upon its face, disclose facts which render it contrary to public policy, and, therefore, unenforceable as to third parties?

[2, 3] As a general proposition, a fiduciary has no right to make merchandise of the confidence reposed in him. So it is that agreements, the object or tendency of which is to constitute a breach of trust on the part of persons standing in a fiduciary or confidential relation, are void. Hence, as said in 6 R. C. L., at page 719, a contract, the object or necessary tendency of which is to place a person owing duties to third persons in a position where he is under obligations inconsistent with such duties, is void, even though in fact it has no bad effect. The same authority further says that the law frowns upon any act on the part of a fiduciary which places interest in antagonism to duty, or tends to that result, and that the invalidity of a contract entered into in violation of such principles does not depend upon whether the fiduciary has intended an actual wrong, or whether any injury has in fact resulted to the beneficiary; but the purpose of the rule of law, like that of statutes of similar nature, is to spare weak human nature the strain of temptation, and to discourage actual fraud by relieving the public from the task, always difficult, and often impossible, of proving it. It seems that no reference could be

277 S.W.—14

more in point than the one used by appellee (2 Michie, p. 408, and cases there cited), where it is said that a junior attaching creditor may intervene in an action in which a prior attachment has been levied and show that the attachment is based on a fraudulent demand, or that it is otherwise fraudulent and collusive, and that he may have it set aside and have his own lien declared to be the superior lien for the purpose of enforcing payment of his demand out of the attached property.

[4] The contract under consideration provides that appellee shall receive for his services $1,000 per month and 5 per cent. of the gross sales of all lands sold by the land department of the Farmers' Oil Company, and by any of its agents, and that appellee shall pay to Hartzell, personally, the president of the contracting company, 50 per cent. of all profits accruing from the business, and 50 per cent. of the 5 per cent. of appellee's commissions on the sales of all lands. Thus the contract in express words provides for a division of the company's profits and appellee's commissions with the company's president, making the contract of employment with appellee. Such a contract seems to us clearly in violation of the law above stated inhibiting Hartzell, standing, and in the contract expressly acting, in a fiduciary relation to his company to make merchandise of the confidence reposed in him by his company, clearly a breach of trust, and against public policy.

As said by the Texarkana Court in Simon v. Garlitz, 63 Tex. Civ. App. 172, 133 S. W. 461, it is the viciousness of the agreement itself, and not the conduct of the parties, that must determine the character of the agreement. All of the cases we have examined hold that there can be no civil right arising from a contract which by its terms or tendency is contrary to good morals or forbidden by public policy.

The trial court in its first conclusion of law held the contract in question to be divisible, and that, if that portion of the contract providing for a rebate by appellee to Hartzell is fraudulent and invalid, same does not necessarily taint the whole, and that in any event both parties are bound by the portion of the contract by which appellee was employed to conduct an advertising bureau and the consideration agreed to be paid therefor, and, so holding, the court's second conclusion is that the intervener had no standing in the cause, and should take nothing by his intervention. Appellant complains of this holding in his third and fourth propositions.

In Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053, the county contracted with Jennings for the construction of certain waterworks in a town, and, in addition to the money consideration agreed upon for the waterworks, agreed to grant him exclusive right of way to lay piping for supplying the town with water. Our Supreme Court held that the agreement to grant the exclusive right of

way to lay piping for supplying the town with water tended to create a monopoly, was violative of the Constitution, illegal, and void. In discussing the case the court said: ,

"We cannot say which of these considerations most affected the mind of Jennings, and induced his promise; nor are there any means of ascertaining how much of his obligation was based upon the illegal consideration. The rule is well settled, upon principal and authority, that a promise made upon several considerations, one of which is unlawful, no matter whether the illegality be at common law or by statute, is void" —citing many cases.

In J. R. Watkins Medical Co. v. Johnson et al. (Tex. Civ. App.) 162 S. W. 394, in a suit for a balance due and owing for medicines furnished by appellant to appellee on a written contract, and which the court found to be violative of our statute (articles 7796 and 7798, R. S.), in that by its terms an intention to combine the capital, skill, and acts of the parties to fix and maintain a standard of prices upon a certain commodity, and to prevent competition in a given territory, the court held as matter of law: "A portion of the stipulations of the contract being lawful and the others unlawful, the taint of illegality affects and destroys the whole," and for the reason stated held the contract void, and refused a recovery for the balance due under the contract.

[5] To the same effect is Reed v. Brewer, 90 Tex. 144, 37 S. W. 418, referring to the Edwards County-Jennings Case, supra. We think the effect of the above authorities is to hold that a contract, based upon more than one consideration, any one of which is unlawful, whether violative of a statute or the common law, is not divisible so that one of its provisions may be enforced, but the contract as a whole is unenforceable and void. Wall based his suit upon the contract, thus affirming it as a whole.

[6] The Farmers' Oil Company did not appeal from the judgment rendered against it in the trial court, nor has it complained here, and under Sullivan et ux. v. Doyle, 108 Tex. 368, 194 S. W. 136, we think the judgment for the sum of $1,620 and interest should not be disturbed, but we are not willing to increase the amount of the judgment beyond that rendered by the trial court.

For reasons stated in the opinion, the judgment of the trial court that the sheriff of Ector county apply the proceeds of the sale of the property now in his hands to the satisfaction of the judgment in favor of appellee Wall, and as to the intervener, Hendricks, that he take nothing by his intervention, and that all costs accruing by reason of his intervention be taxed against him, is reversed; and, it appearing that the taxes due on said property for the years stated have not been paid, and it further appearing that the judgment liens of the appellee intervener, those of Cody, and himself are the next in priority to the judgment liens discharged, it is ordered that the money now in the hands of the sheriff be applied to the payment of the taxes due on said property, and the balance, if any, remaining be applied to the Cody judgment and the intervener's judgment, or so much thereof as may be necessary, and in the order stated, and that the costs of this suit be taxed against appellee.

Affirmed in part, and reversed and reformed in part.