**MOORE v. STARK.** (Motion No. 8775; No. 1087—5316.)

Commission of Appeals of Texas, Section B. Nov. 13, 1929.

For former opinion, see 17 S.W.(2d) 1037.

R. L. Batts, of Austin, and Adams & Bruce and H. M. Kinard, all of Orange, for appellant.

Kennerly, Williams, Lee & Hill, Fred L. Williams, and George A. Hill, Jr., all of Houston, for appellee.

SPEER, J. ■ Appellant complains that we should have answered the question involving the validity of the will without any determination of the one involving the capacity of the appellant's, or at least that "the right or failure of the right of the appellant to contest cannot be an issue until the central question is determined." Throughout the able argument filed in support of the motion the point is stressed that, since the Constitution forbids the creation of a perpetuity, the matter is of such a nature that it should be determined as going to the very right of the trial court, or any court as to that, to order the will to be probated. Counsel argues that, the Constitution being thus emphatic, and the vice, if any, appearing upon the very face of the will tendered for probate, the primary consideration for the court is the validity of the instrument. But this reasoning is specious. It is true the Constitution does prohibit the creation of a perpetuity. It is likewise true, if the will in controversy is subject to that criticism, the vice appears upon the face of the instrument offered for probate. It is also true that, if the instrument is void as being in contravention of the Constitution, it should not have been probated by the trial court. For it was, as argued by counsel for the motion, the duty of that court to probate only a valid will; but all these considerations are beside the one controlling question which we decided on the original hearing. They may all be, as they should be, conceded. But where, as here, an instrument has been probated as a last will, and one seeks to reverse that judgment upon appeal from a contest, the burden is upon him primarily to show that he is an interested party; in other words, that he is aggrieved or his legal rights have in some way been affected adversely by the decision. This is the doorway to any consideration of the merits. It is not enough that he shows an error has been committed, but he must further show that it was of such a nature as was calculated to injure him. And this rule applies equally to those cases such as this, where the supposed error consists of a violation of a constitutional provision. It is not a question of the enormity of the error, but of the right of the complainant to attack it. It is akin to, if not identical with, the well-established rule that one who assails a law as unconstitutional must come showing that the feature of the act complained of operates to deprive him of some constitutional right. Aikins v. Kingsbury, 247 U. S. 484, 38 S. Ct. 558, 62 L. Ed. 1226, and cases cited.

■■ The argument is further made that, if the will is void because of the perpetuity alleged, its attempted probate imparts no validity thereto, and it is of no force whatever, and may be attacked directly or collaterally by any one at any time in any tribunal. All this is abstractly true, but it is equally true that such one must, in order to sustain

the attack, be interested in the matter to be determined. This means more than a mere popular interest. It means a legal interest in the subject-matter, one cognizable by the courts. It is sufficient for the ends of justice, and that is the purpose of law, that any one interested may raise the question of the validity of the will if he timely objects. If, as contended, the will creates a perpetuity, and the attempted probate thereof is void, then any one interested in the matter could assail the instrument whenever and wherever adverse rights were attempted to be asserted under it. But this in nowise argues against what we have held, that the appellant cannot, at any time or anywhere, attack the probate of the will in the absence of a showing of interest in the estate.

We therefore recommend that the motion for rehearing be overruled.