KRAMER et al. v. SOMMERS et al.

No. 13342.

Court of Civil Appeals of Texas. Fort Worth.

March 13, 1936.

Rehearing Denied April 17, 1936.

Crane & Crane, of Dallas, for appellants.

Spafford & Spafford, of Dallas, for appellees.

DUNKLIN, Chief Justice.

This suit involves the construction of a will reading as follows:

"The State of Texas, County of Dallas

"Know all men by these presents:

"That I, Lottie Sommers, of the County of Dallas, in the State of Texas, being in good health and of sound and disposing mind and memory, do make, publish and declare this my last will and testament, hereby revoking any and all wills by me at any time heretofore made.

"I. I direct that all of my just debts and funeral charges shall by my executors, hereinafter named, be paid out of my estate, as soon after my decease as shall be by them found convenient.

"II. I give and bequeath to my daughter, Rachel Kramer, the wife of Arnold T. Kramer, the sum of One Hundred Dollars ($100.00).

"III. All of the rest, residue and remainder of my estate, both real and personal of which I shall die seized and possessed, I give, will, devise and bequeath as follows:

"1. To my son, Oscar L. Sommers, as trustee, an undivided one-fourth (1/4) part thereof, for the use and benefit of his children, my grandchildren, viz:

"Mary Helen Sommers, May Dell Sommers, Oscar Sommers, Junior, Clyde L. Sommers, and Audrey May Sommers, to each an undivided one-fifth (1/5) part of said undivided one fourth (1/4) part of my estate· and for and during the natural life of each of said grandchildren, but subject to the following terms, provisions, conditions and limitations, towit:

"(a) The estate of each beneficiary under this trust shall for all purposes be taken as separate, distinct and independent of the trust estate of each of the other beneficiaries hereunder, and one trust estate shall not be dependent upon or controlled, governed or affected in any particular or to any extent by any other trust estate created herein.

"(b) Unless terminated at an earlier date as hereinafter provided each of said trusts

shall continue in full force and effect until twenty one years from and after the date of the death of the respective beneficiaries hereunder.

"(c) The full and complete legal title to all of said trust estates and the property covered thereby or included therein, as such estates shall from time to time exist, together with all increase thereof, and income therefrom shall at all times, be in the said Oscar L. Sommers, as trustee, or in such substitute or successor or trustee, or trustees, as may hereafter be named or appointed in accordance with the provisions of this trust, and subject and limited to the powers which may be delegated to any such substitute or successor trustee, or trustees as herein provided.

"(d) Upon the death of either, or any of the five beneficiaries hereinbefore named, the trust estate of each deceased beneficiary shall thereafter be held by the said trustee and/or any substitute or successors trustee, or trustees, for the use and benefit of the children of such deceased beneficiary who are living at the time of the death of such deceased beneficiary, and if such deceased beneficiary shall die without leaving any child or children then the trust estate of such deceased beneficiary hereinbefore named shall be held for the use and benefit of all of the grandchildren of the said Oscar L. Sommers living at the time of the death of such beneficiary. If, at the time of the death of the beneficiaries hereinbefore named, such deceased beneficiary shall leave no child or children living and there shall be living no grandchildren, of Oscar L. Sommers, then this trust as to such deceased beneficiary shall wholly cease and determine and the trust estate of such beneficiary shall thereupon vest unconditionally and in fee simple in the remaining beneficiaries herein named, and if all of the beneficiaries herein named shall die, leaving no child or children living, then such trust estate of all of said beneficiaries shall vest unconditionally and in fee simple in Oscar L. Sommers, if then living, and if the said Oscar L. Sommers shall upon the death of the last beneficiary herein named be deceased, then all such trust estate shall vest unconditionally and in fee simple in those persons who under the laws of descent and distribution of the state of Texas as now existing, would inherit the property of the said Oscar L. Sommers, if he had died intestate, unmarried and without any children or descendents.

"(e) The said Oscar L. Sommers, as such trustee, shall have full, absolute, complete and exclusive management, control and possession, of all of said trust estates and all income therefrom and increase thereof, without the consent, advice, approval, concurrence or action in any way of the beneficiaries, or any of them, and during the entire term of this trust, the said Oscar L. Sommers, as trustee, shall have full power and authority to bargain, and sell any and all personal property belonging to said trust estates, and full power and authority to sell, transfer and convey by deed, or otherwise, any and all real estate belonging to said trust estates, or either or any of them. The said Oscar L. Sommers, as such trustee, shall have the right and power in sole discretion at any time, during the period of said trust, to terminate by written instrument any one or all of such trust estates and thereupon such trust estate or trust estates shall vest unconditionally and in fee simple in such beneficiary or beneficiaries, herein named. Said Oscar L. Sommers as such trustee shall have the right and power in his sole discretion at any time, or times, during the life of any of said beneficiaries to vest in any such beneficiary unconditionally and in fee simple or any less interest or estate, as said trustee shall determine in writing, any part of such trust estate, or trust estates, and in such event or events, the remainder of the trust estate, or trust estates, shall thereafter be covered by this instrument and to which estate the provisions of this instrument shall thereafter apply. The said Oscar L. Sommers, as such trustee shall have full power and authority in his sole discretion, with or without cause for his action, to expend all or any part of the trust property belonging to any of the trustee estate, for the use and benefit of any beneficiary herein, and such trustee shall have the further power in his sole discretion to designate and appoint at any time, either before or after the death of any beneficiary, such beneficiary as shall take after the death of any beneficiary hereunder as such trustee shall desire and select to take and hold all or any of such trust estates and thereupon the person or persons, so named and selected shall thereafter be vested with the fee simple title thereto upon the termination of this trust, and which selection may be made by said trustee, either by written instrument or by his last will and testament. The said Oscar L. Sommers, as such trustee, shall

at all times during the period of said trusts have full power and authority in his discretion, increase or diminish any of said trust, estates, and in this connection said trustee may transfer and convey without consideration any property belonging to any trust estate, to any other trust estate, or trust estates.

"(f) Any and all powers herein granted, to the said Oscar L. Sommers, as trustee, may be exercised by any substitute trustee, or successor trustee, as may be named in writing by the said Oscar L. Sommers, or as may be appointed under the terms of the last will and testament of the said Oscar L. Sommers, and the said Oscar L. Sommers may in his discretion, in any such written instrument, limit, or modify such powers as may be exercised hereunder, by such substitute trustee, or successor trustee, and thereafter such substitute trustee, or successor trustee, shall have only such power and authority, hereunder, as may have been specifically delegated to such substitute or successor trustee or trustees by the said Oscar L. Sommers, in said written instrument, or will. If the said Oscar L. Sommers shall not appoint or designate any substitute or successor trustee or trustees, then upon the death of the said Oscar L. Sommers, the First National Bank of Dallas, shall be the successor trustee, and if such successor trustee shall refuse to accept the trust herein, then any District Court of Dallas County, Texas, shall have full power and authority to appoint such successor or substitute trustee, or trustee in succession provided, however, that any and all substitute or successor trustees shall have only such power hereunder, as may have been delegated to them in writing by the said Oscar L. Sommers, or in the last will and testament of the said Oscar L. Sommers and if no such instrument of writing shall exist at the time of the death of the said Oscar L. Sommers, then such substitute or successor trustee, or trustees, shall only have power to preserve said trust estates, to invest and reinvest the principal of said trust estates, and the income and revenues therefrom, and to pay to the beneficiaries named herein the respective trust estates upon the termination of such trust as herein provided.

"(g) The said Oscar L. Sommers, as such trustee, shall not be required to give any bond for the faithful performance of said trust and the said Oscar L. Sommers shall not be liable in any event to said beneficiaries by reason of his failure to perform any of said trusts, or for, or on any account whatsoever, and the said Oscar L. Sommers, as such trustee, shall never be required to make any accounting to said beneficiaries or any of them. Any substitute or successor trustee shall give bond for the faithful performance of said trusts as may be required in any written instrument signed by the said Oscar L. Sommers and if the said Oscar L. Sommers shall fail to appoint or designate a substitute or successor trustee, or trustees, then any such trustee as shall be named or appointed by the District Court of Dallas County, Texas, shall be required to give bond in such an amount and conditioned, as may be fixed and determined by said District Court.

"(h) The said Oscar L. Sommers, as trustee (but not any successor or substitute trustee) may borrow the funds of said trust estate, or any of them, or any part thereof, at all times and from time to time, without giving any manner or form of security therefor.

"(i) If the said original trustee, Oscar L. Sommers, is removed as trustee by any proceeding in court or out of court, at the instance of any person whomsoever whether official or individual or at the instance of any beneficiary or by any one in behalf of any beneficiary then eo instanti, the whole of the trust estate as then existing shall vest unconditionally and in fee simple in said Oscar L. Sommers, or such person or persons as he shall designate in writing.

"(j) No beneficiary hereunder shall ever at any time have the right to sell, assign, dispose of, or encumber in any way whatever, any interest or apparent interest in the trust estate and/or income thereof and neither the trust estates nor the income thereof shall ever be subject to the claims of any creditor or any beneficiary. The trustee original or successor acting shall notwithstanding any such claim or any creditor and notwithstanding any sale, assignment, encumbrance or other disposition made or sought or attempted to be made by any beneficiary expend the net income of such trust estates for the sole use and benefit of the beneficiary.

"(k) At the termination of this trust, however, it may be terminated that the trustee then acting, whether original trustee, or successor substitute trustee, as the case may be, shall at once deliver the trust estate and all increase thereof, and all income thereof, then on hand to those then entitled thereto under the provisions hereof,

making all conveyances and transfers necessary, or proper to vest in them the unconditional and fee simple title thereto.

"2. To my daughter Laura Roach as trustee, an undivided one-fourth (1/4) part of my said estate for the use and benefit of her daughter, my grandchild, Bonnie Jean Roach, for and during the natural life of Bonnie Jean Roach but subject to all of the terms, provisions, conditions and limitations as follows:"

Here follow substantially the same conditions, limitations, and powers of the devise to Oscar L. Sommers with this additional power:

"Said Laura Roach, as such trustee, shall have right and power in her sole discretion at any time during the period of said trust, to terminate by written instrument the said trust estate, and thereupon, such trust estate shall vest unconditionally and in fee simple in the said Laura Roach or in such beneficiary or beneficiaries as may be designated by the said Laura Roach, under the provisions hereof.

"3. To my son, Fred C. Sommers, an undivided one-fourth part thereof, provided however that there shall be deducted from such one-fourth part the sum of three thousand dollars ($3,000.00) together with interest on said sum of $3000.00. at the rate of 6% per annum, from January 1, 1923, to the date of my death, and said devise and bequest is also subject to deductions from any advancements as hereinafter provided.

"4. To my son, John F. Sommers, as trustee, an undivided one-fourth part thereof, for the use and benefit of his children my grandchildren, viz: Charlotte Ann Sommers, Conrad John Sommers, Esther Ruth Sommers and Margaret Sue Sommers, for and during the natural life of said children, subject to the terms and provisions hereof and in the proportions and shares and subject to the following terms, provisions, conditions and limitations, towit:"

Here follow substantially the same provisions, conditions, limitations, and powers of the devise to Oscar L. Sommers, copied above, with these additional provisions:

"VII. In the event that either of my children or grandchildren should attempt to contest this will or cause any trouble with reference to the disposition of my estate as herein made, then it is my will, and I direct that such child or children, or grand children so contesting this will shall receive no part of my estate.

"VIII. I nominate, constitute and appoint my beloved sons, John F. Sommers and Oscar L. Sommers, as sole executors under this, my last will and testament and direct that no other action shall be had in the county court with reference to my estate, other than the probate of this my last will and testament and the return of an inventory of the property belonging to my estate as required by law, and that no bond shall be required of them as such executors."

The will was admitted to probate in the county court of Dallas county on the 23d day of August, 1934.

Under the provisions of articles 3433, 3434, and 3435, Rev.Civ.Statutes of 1925, Mrs. Rachel Kramer, joined by her husband, filed in the county court her application, alleging that she was the daughter and heir of the testatrix; that her mother, Mrs. Lottie Sommers, left an estate in Dallas and other counties in Texas of a probable value of $75,000, leaving plaintiff and the other devisees named in the will as her only heirs at law; that the will had been duly probated, and that the same was void for numerous reasons, the substance of which is stated in appellants' brief as follows:

"The objections of appellants, Rachel Kramer, and her husband, A. T. Kramer, made to said trusts were that each of them was void for uncertainty in that they did not vest in the beneficiaries, or either of them, any title to the property, but left the matter as to which one if either of them should receive the property to the arbitrary discretion of the trustees, said Oscar L. Sommers and John F. Sommers, each being authorized to take from each of his children any part of the trust and give it to the others or to use all of it for the benefit of one, whether necessary or not, or to take from one and give it to another.

"The daughter, Laura Roach, was given additional power to take all the title from her child at any time she saw fit and thereby vest the title in herself. Neither of the trusts pretended to give any title to either of the trustees except as ordinarily given to trustees.

"It was further alleged that said trusts were illegal and contrary to public policy in that each of the trustees was authorized to sell all of the property of each trust, and convey fee simple title thereto to others, and was then authorized without security to borrow the funds thus obtained,

as well as obtained from all other sources, without the consent of any of the beneficiaries or any other person. The trusts denied the beneficiaries the right of demanding an accounting of their respective trustees, either during the life of the trust or at its conclusion and denied each of the beneficiaries the right to invoke the aid of any court of competent jurisdiction to remove the trustee, it being provided that if such removal were had, either in or out of court, that the estate was forfeited by the beneficiaries and eo instanti vested in the trustee involved."

From an adverse ruling by the county court, the applicants appealed to the district court, in which certain exceptions to their petition were sustained and the suit was dismissed after plaintiffs declined to amend. From that ruling, plaintiffs have appealed.

Those exceptions were: First, there was a lack of necessary parties, in that none of the legatees and beneficiaries named in the trusts attempted to be created by the will had been cited to appear, although all resided in the state of Texas, and several in Dallas county, where the will was probated; and the interests of all will be affected by the granting of the application.

Second: Even if the several trust provisions are invalid, the plaintiff Rachel Kramer "having instituted this proceeding and brought herself under the provisions of said will, she, the said Rachel Kramer, can receive no part of the estate of said deceased, and none of said deceased's property will pass to said petitioners, or either of them under the laws of the state."

Third: "Neither of said petitioners and applicants have any right, title or interest in the estate of Lottie Sommers, deceased, and that even though the several trust provisions of said will should be set aside as prayed for by petitioners, no part of the property belonging to said estate would pass to them or either of them under the intestate laws of this state."

Fourth: "The defendants demur to the plaintiffs' second amended original application and petition and say that plaintiffs ought not to have or maintain their said suit for the reason that said suit is brought under the provisions of article 3433 of the Revised Civil Statutes of the State of Texas, and said suit is for the annullment of the entire will of the said Lottie Sommers, deceased, and each and all of the provisions thereof are in effect a contest of said will,

whereas said article 3433 does not contemplate or provide for, or permit the annullment of the entire will, but only as to some of the provisions or directions contained in such will, and of this defendants pray judgment of the court."

Fifth: "These defendants specifically except to petitioners' application and petition wherein it is alleged or shown that should the provisions for the distribution of three-fourths of the property covered by the will fail then the provisions covering the remaining one-fourth should fail because the 'scheme' of distribution would then be destroyed, because said allegation is an incorrect statement of the law of this state, and further that the same is a mere conclusion of law made by petitioners."

The application filed in the county court was expressly authorized by the provisions of articles 3433, 3434, and 3435, and in article 3434 the executor or administrator is the only person named upon whom citation must be served. That was a special statutory procedure in which the executor was made the legal representative of all persons interested in the estate. Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co., 88 Tex. 468, 27 S.W. 100. And the proceeding being statutory, there is no basis for application of the common-law rule that all persons whose interests are to be affected must be made parties to the suit. It is therefore clear that there was no lack of necessary parties. Allardyce v. Hambleton (Tex.Civ.App.) 68 S.W. 834, 835; Allardyce v. Hambleton, 96 Tex. 30, 70 S. W. 76; Anderson v. Menefee (Tex.Civ. App.) 174 S.W. 904 (writ denied); Keller v. Corpus Christi, 50 Tex. 614, 32 Am.Rep. 613; Globe Newspaper Co. v. Walker, 210 U.S. 356, 28 S.Ct. 726, 52 L.Ed. 1096; Middleton Nat. Bank v. Toledo A. A. & N. M. R. Co., 197 U.S. 394, 25 S.Ct. 462, 49 L. Ed. 803; 1 Corpus Juris, § 102, p. 989.

The records of this court show that the case of Anderson v. Menefee, cited above, originated in the county court after the will of Neil P. Anderson had been admitted to probate, by an application filed in that court under provisions of the same statutes, attacking the trusts provided for in the will as void because the same created a perpetuity, and seeking to annul the will in its entirety, notwithstanding the unconditional devise of one-fourth of the estate to Bernie L. Anderson, individually, because the will manifested an intention to dispose of the estate as a whole. By appeal, the case was

carried to the district court and from that court to the Court of Civil Appeals, and that court affirmed the judgment of the district court annulling the will in its entirety. And in Franks v. Chapman, 61 Tex. 576, it was held that the county court was the proper court to begin proceedings to contest the validity of a will under the provisions of the statutes invoked by plaintiffs in this suit.

We are at a loss to understand how it can be said that, even though the will be void, this proceeding would have the legal effect to prevent plaintiff, Mrs. Kramer, from inheriting from her mother as an heir after she had expressly disclaimed any right to the bequest to her in the will; which, as we understand, was the contention presented in defendants' second and third exceptions to the petition. To the contrary, we deem it elementary that if the will is annulled as void, the estate passes to the heirs according to the statutes of descent and distribution, the same as if the deceased had left no will at all. Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382, 31 Am. St.Rep. 29; Anderson v. Menefee (Tex. Civ.App.) 174 S.W. 904 (writ refused). And under a well-settled rule of decisions, the will in question must be annulled in its entirety if the trusts attempted to be created thereby are void, since it is apparent from the face of the will that it was the intention of the testatrix to dispose of her estate as a whole, and there is no basis for an assumption that she would have made the will without including therein the provisions creating the trusts. Anderson v. Menefee (Tex.Civ.App.) 174 S.W. 904, loc. cit. 911, and the many authorities there cited.

The trusts attempted to be created were void for several reasons: (1) For uncertainty, in that there is no definite designation of the beneficiaries; on the contrary, the power is given to the trustees to change the bequests from one to another at their option. And therefore the trusts could not be enforced by the courts. McMurry v. Stanley, 69 Tex. 227, 234, 6 S.W. 412; Clark v. Campbell, 82 N.H. 281, 133 A. 166, 45 A.L.R. 1433; 28 R.C.L. 339; 3 R.C.L. Supp. 1572; 26 R.C.L. 1189; 4 R.C.L. Supp. 1700–1701; 5 R.C.L.Supp. 1444; 26 R.C.L. 1184; 26 R.C.L. 1216; Moore v. Stark, 118 Tex. 565, 17 S.W.(2d) 1037, 21 S.W.(2d) 296; Anderson v. Menefee (Tex. Civ.App.) 174 S.W. 904; Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382, 31 Am. St.Rep. 29; Egleston v. Trust Co., 147 Ga. 313, 93 S.E. 878, 3 A.L.R. 297; Page on Wills, § 1054; Coulson v. Alpaugh, 163 Ill. 298, 45 N.E. 216; Tilden v. Green, 130 N.Y. 29, 28 N.E. 880, 14 L.R.A. 33, 27 Am.St. Rep. 487; Smith v. Heyward, 115 S.C. 145, 105 S.E. 275; 1 C.J. § 102, p. 989.

(2) Because of the power given to the trustees to convert the property to their own use and benefit if they should see fit and denying the beneficiaries the right to question that authority, upon pain of forfeiture of all ·rights to the trust estate, which would be against public policy. Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382, 31 Am.St.Rep. 29; Clark v. Campbell, 82 N.H. 281, 133 A. 166, 45 A. L.R. 1433; International Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630; First Nat. Bank v. Brown (Tex.Civ.App.) 34 S.W. (2d) 412; Chicago, B. & Q. R. Co. v. Healy, 76 Neb. 783, 107 N.W. 1005, 111 N. W. 598, 10 L.R.A.(N.S.) 198, 124 Am.St. Rep. 830; Hendricks v. Wall (Tex.Civ. App.) 277 S.W. 207; Perry on Trusts, vol. 1, §§ 427, 431; Page on Wills, § 1054, p. 1731; § 814, p. 1382; 10 Tex.Jur. § 120, p. 207, and note 12 thereto.

(3) The opportunity given to the trustees at their option to use the trust estates for their own individual benefit, to the exclusion of the beneficiaries, was a temptation to defeat the testatrix' purpose to provide for them, and was, therefore, contrary to public policy, and forbidden by the rules applicable to trusts, as announced in authorities cited above.

In 61 C.J., page 526, § 271–d, this is said: "If an attempted trust is invalid, the property is unaffected and remains as part of the grantor's estate and title is not conferred on the trustee, or on the beneficiary."

·Numerous authorities are cited in support of that text, as does also the decision of our Supreme Court in the case of Heidenheimer v. Bauman, 84 Tex. 174, 19 S. W. 382, 31 Am.St.Rep. 29.

Accordingly, the judgment of the trial court sustaining the exceptions of defendants to plaintiffs' petition and dismissing the case is reversed, and judgment is here rendered in favor · of appellants, overruling all those exceptions, reinstating the case and remanding the same for further proceedings not inconsistent with the foregoing conclusions.

### On Motion for Rehearing.

In appellees' motion for rehearing this is said:

"The court erred in holding in effect that the testatrix Lottie Sommers attempted to create trusts by the provisions of the will. * * *

"When it is plain, as in this case, that the testatrix did not intend to create a trust, it cannot be said that she attempted to create a trust as held by this court in its opinion."

Following that statement, authorities are cited showing the distinction made by the courts between a testamentary power and a trust. In the first place, the position so taken is at variance with the theory of appellees' defense to appellants' suit in the trial court, and with their counter proposition to appellants' assignments of error presented in this court. In their answer filed in the trial court, they excepted to the sufficiency of the petition for lack of necessary parties who should be joined as defendants. Following that, numerous persons are listed as such necessary parties, only a few of whom will be here noted, to wit:

"Charlotte Ann Sommers, Conrad John Sommers, Esther Ruth Sommers, and Margaret Sue Sommers, the grandchildren of the testatrix, Lottie Sommers, each of whom are beneficiaries under a trust estate, created in their favor under the terms of the will of said Lottie Sommers, deceased, and each of said persons are devisees and legatees under the will of the said Lottie Sommers, deceased, that each of said persons are minors without any legal guardian and each of said minors reside in Dallas County, Texas. * * *

"May Helen Sommers, May Dell Sommers, Oscar Sommers, Jr., Clyde L. Sommers, and Audrey May Sommers, each of whom are beneficiaries under a trust estate created in their favor under the terms of the will of said Lottie Sommers, deceased, and each of said persons are devisees and legatees under the will of the said Lottie Sommers, deceased; that each of said persons are minors without any legal guardian, and each of said minors reside in Washington County, Texas."

Their first counter proposition to appellants' assignments of error filed in this court reads as follows: "In a suit wherein an heir seeks to divest legatees and devisees of their interest under a probated will, the legatees and devisees should be made parties thereto." Followed by this statement: "Appellants in their petition attempt to assert the invalidity of certain clauses in the will of the testatrix Lottie Sommers. They ask that the Court annul the entire will because of the asserted invalidity of certain of the provisions. None of the legatees or devisees were joined but only the independent executors were made parties. The executors, appellees, levelled a special exception to appellants' petition complaining that neither the trustees nor the beneficiaries thereunder, nor the legatees or devisees were made parties defendant in this action. Each of said parties was, on the date this suit was filed, possessed of a vested interest or portion of the estate as shown by the probated will, a copy of which was attached to appellants' petition."

We quote the following from 3 Tex.Jur., § 111, p. 168: "It is an established principle of appellate procedure that the parties are restricted to the theory on which the case was tried in the lower court."

In support of that announcement, the following is quoted from the opinion of the Commission of Appeals in Boatner v. Providence-Washington Ins. Co., 241 S.W. 136, 140: "The law forbids the assumption of an attitude on appeal inconsistent with that taken at the trial, and on appeal litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below."

We quote further from 3 Tex.Jur., § 114, p. 172: "The parties on appeal may not present a theory in regard to defenses different from that interposed in the trial court by proper pleading and proof."

That rule of decisions is a sufficient answer to the theory now advanced that the will did not create a trust.

Furthermore, we believe it manifest that the terms of the will definitely and specifically show an intention on the part of the testatrix to create a trust.

It is true that the record in this court of proceedings in the case of Anderson v. Menefee, cited in our original opinion, does not show that the application for the annulment of the will filed in the probate court contains no allegation that the proceeding was under provisions of articles 3433, 3434, and 3435, Rev.St., but we inferred that such was true, since the proceeding

was in accordance with the procedure there prescribed. That application was by Mrs. Menefee, one of the heirs of the testator, and living in Oregon, joined by her husband, against Bernie L. Anderson and Morris E. Berney, as executors and trustees named in the will, and also individually, and the other heirs of the testator residing in Tarrant county, Tex., were also made parties defendants and they filed pleadings in which they joined with Mrs. Menefee in her prayer for cancellation of the will. Whether or not they were necessary parties was never questioned or determined. Later a separate suit was instituted in the district court by Mrs. Menefee and her husband against the same defendants, attacking the will on the same grounds, and that suit was consolidated with the proceeding filed in the probate court and the merits of both were determined in the same judgment, which was affirmed on appeal. This statement with reference to that suit is made in the interest of accuracy to meet the criticism made by appellees of the reference thereto in our original opinion.

Further grounds for rehearing have been sufficiently answered in our original opinion, and will not be here discussed.

Motion for rehearing overruled.